Jaime H. ESPINUEVA,
Plaintiff–Appellant,

v.

H. Lawrence GARRETT, III, Secretary
of the Navy, Defendant–Appellee.

Nos. 89–1530, 89–1532, and 89–1794.

United States Court of Appeals,
Seventh Circuit.

Submitted Jan. 10, 1990.

Decided Feb. 13, 1990.

Jaime H. Espinueva, Skokie, Ill., pro se.

James J. Kubik, Asst. U.S. Atty., Office of the U.S. Atty., Chicago, Ill., for defendant-appellee in Nos. 89–1530, 89–1532.

Linda A. Wawzenski, Nancy K. Needles, Asst. U.S. Attys., Office of the U.S. Atty., Civ. Div., Chicago, Ill., for defendant-appellee in No. 89–1794.

Before WOOD, Jr., CUDAHY, and EASTERBROOK, Circuit Judges.

EASTERBROOK, Circuit Judge.

Ever since being hired by the Navy Regional Finance Center as a GS–4 "voucher examiner" in 1984, Jaime Espinueva has

been demanding promotion. He applied to be a GS–5 "account technician" six weeks into the job and was turned down. Espinueva complained to the EEOC that the Navy had discriminated against him on account of national origin (Filipino) and age (he was born in 1926), setting in motion a lengthy administrative process.

Meanwhile the Navy promoted Espinueva in December 1985 to the GS–5 position of "senior military pay clerk". During March 1987 he sought and did not get a GS–7 "cashier" position. He complained again to the EEOC, which opened a second inquiry. That August he pursued a GS–9 position, "budget analyst", with the fallback of a GS–7 slot as a "trainee budget analyst". The Navy hired someone with 2½ years' experience as a budget analyst; Espinueva had none. For a third time he complained to the EEOC.

Espinueva now has filed three discrimination suits, each alleging violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–16(c), the Age Discrimination in Employment Act, 29 U.S.C. § 633a(c), and the Civil Rights Act of 1870, 42 U.S.C. § 1981. He has fared best with his protest about the cashier's job. The EEOC found that supervisors probably engaged in discrimination, and the commander of the naval installation offered Espinueva a GS–7 position substantially equivalent to cashier, plus back pay. He did not think the offer generous enough and sued. In court, counsel for the Navy renewed the offer of promotion to a GS–7 position plus back pay. Judge Will held that Title VII entitles Espinueva to no more and entered judgment for the relief the Navy proffered. Espinueva's appeal (No. 89–1794), demanding punitive damages equal to the gross national product of a small nation, is frivolous. Section 1981 does not apply to employment discrimination cases involving the federal government, *Brown v. General Services Administration*, 425 U.S. 820, 96 S.Ct. 1961, 48 L.Ed.2d 402 (1976), and would not authorize damages on account of failure to promote even if it did, *Patterson v. McLean Credit Union*, — U.S. —, 109 S.Ct. 2363, 2374, 105 L.Ed.2d 132 (1989)

(§ 1981 "covers only conduct at the initial formation of the contract and conduct which impairs the right to enforce contract obligations through legal process"). Neither Title VII nor the ADEA authorizes awards of compensatory or punitive damages, as opposed to "equitable" relief such as reinstatement and back pay. *Swanson v. Elmhurst Chrysler Plymouth, Inc.*, 882 F.2d 1235 (7th Cir.1989) (Title VII); *Smith v. OPM*, 778 F.2d 258, 262 (5th Cir.1985) (ADEA).

Espinueva lost outright his contests of the "account technician" and "budget analyst" turndowns. Judge Williams concluded that the Navy had a good reason for hiring as "budget analyst" an experienced person who had been rated "highly qualified" (Espinueva had been rated "qualified eligible", placing him below six other applicants). Although Espinueva tried to show that the Navy's reasons were pretextual, he ignored the qualifications of the successful candidate and focused on his own: he had taken 32 semester hours of accounting courses from Far Eastern University in the Philippines between 1949 and 1952. The Navy's reply—that this was long ago, that Espinueva received grades of D in the courses he did not fail, and that his work experience did not include accounting—persuaded the district judge and ought to have persuaded Espinueva. His appeal (No. 89–1532), rehashing his own view of his abilities while ignoring all other evidence, was doomed.

The government urges us to say the same about the "account technician" position in 1985. The person who got the job had been a superior "voucher examiner" for two years; Espinueva had been performing below the lowest acceptable standard during his six weeks. A voucher examiner transfers from paper to computer the entries on vouchers. The minimum standard for this job is 6,101 keystrokes per hour; Espinueva was logging much less, with a high error rate. Judge Norgle agreed with the Navy's position and granted summary judgment; Espinueva's *pro se* brief on appeal trumpets his high estimate of his own skills and ignores the comparative information. There is nonetheless a

problem: we may not have subject-matter jurisdiction.

■ Judge McGarr, who had this case before his resignation from the bench, initially granted the Navy's motion to dismiss for want of jurisdiction, on two grounds. First, he concluded that Espinueva waited too long before beginning the administrative process. We have held that because Title VII waives the sovereign immunity of the United States, timely invocation of administrative remedies is essential to subject-matter jurisdiction. *Sims v. Heckler*, 725 F.2d 1143 (7th Cir.1984). Second, Judge McGarr observed that Espinueva sued the wrong party. His complaint named the "Dept. of the Navy (Navy Regional Finance Center)" as defendant. Title VII provides that in a "civil action the head of the department, agency, or unit, as appropriate, shall be the defendant." 42 U.S.C. § 2000e–16(c). Espinueva amended his complaint to name the Secretary of the Navy as defendant and brought to the court's attention the fact that he started the administrative process within 30 days of receiving notice that he would not be promoted. Although the letter refusing to promote him was dated December 7, 1984, it was not received (Espinueva said) until December 27. Because the time runs from notice, and the initial administrative steps were timely if notice first occurred on December 27, the court vacated its decision and reinstated the case. 1987 WL 17162, 1987 U.S.Dist. LEXIS 8461 (N.D.Ill.).

■ Now the Navy moved for reconsideration, arguing that the letter was not "newly discovered" evidence sufficient to support reversal of course (it had been in Espinueva's hands all along) and that the belated substitution of the Secretary of the Navy could not revive a time-barred case. Judge McGarr denied the Navy's request, remarking that Espinueva had filed *pro se* and so did not need to conform to technical rules. 1987 WL 26131, 1987 U.S.Dist. LEXIS 11125 (N.D.Ill.). Without mentioning Fed.R.Civ.P. 15(c), governing "relation back" of new parties, Judge McGarr wrote: "Service was obtained upon the Navy, the government answered on behalf of the Navy, and the substitution of the Secretary of the Navy for the Department of the Navy may clearly be allowed to relate back to the filing of the original complaint." Judge Norgle followed this decision as the law of the case. Espinueva's brief on appeal did not flag the jurisdictional issue. Neither did the Navy's, which began the argument: "After proceedings before Judge McGarr not relevant to this appeal ... ." It is news to us that the absence of subject-matter jurisdiction is "not relevant" so long as the party who doubts the court's jurisdiction prevails on the merits. Every litigant has an obligation to bring jurisdictional problems to the court's attention. Circuit Rule 28(b) and (c). Judges rely especially on institutional litigants, such as the United States Attorney, to address problematic jurisdictional points. Only our independent review of the record brought this one to light.

Title VII gives employees of the federal government 30 days from the end of the administrative process to commence litigation against the head of the department. This is a rule with jurisdictional significance, *Harris v. Brock*, 835 F.2d 1190, 1193 (7th Cir.1987), and on this we have the company that we lack in attributing jurisdictional significance to delay in the administrative process before the litigation. E.g., *Brown v. Department of the Army*, 854 F.2d 77, 78 n. 1 (5th Cir.1988); *Bell v. Veterans Administration Hospital*, 826 F.2d 357, 360–61 (5th Cir.1987); *Rice v. Hamilton Air Force Base Commissary*, 720 F.2d 1082, 1083 (9th Cir.1983). Contra, *Martinez v. United States*, 738 F.2d 1107, 1110 (10th Cir.1984); *Milam v. United States Postal Service*, 674 F.2d 860, 862 (11th Cir.1982); *Saltz v. Lehman*, 672 F.2d 207, 208 (D.C.Cir.1982). See also *Stuckett v. United States Postal Service*, 469 U.S. 898, 105 S.Ct. 274, 83 L.Ed.2d 210 (1984) (White, J., dissenting from the denial of certiorari). Espinueva did not bring the Secretary of the Navy into the action until 1987, more than a year late, and so the Title VII suit is jurisdictionally untimely unless the substitution relates back to a timely original filing. (Although the ADEA does not contain the same language as Title VII, several courts have assumed

that they should be treated identically. Two disagree, *Lubniewski v. Lehman,* 891 F.2d 216 (9th Cir.1989); *Bornholdt v. Brady,* 869 F.2d 57 (2d Cir.1987). For reasons that appear below, we need not decide whether Title VII and the ADEA yield identical limits.)

Rule 15(c) makes relation back possible if, and *only* if, the proper defendant received actual notice of the suit within the outer limit for its commencement. *Schiavone v. Fortune,* 477 U.S. 21, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). Espinueva filed his complaint on April 7, 1986. Filing stops the statute of limitations but does not afford notice to the adversary. Rule 15(c) depends on actual knowledge of the litigation. Nothing in the record suggests that the United States had actual knowledge of the litigation before April 22, 1986, when it sent the clerk of court a letter naming an Assistant United States Attorney to represent the Navy. If notice to the Navy via the United States Attorney counts as notice to the Secretary (a question we do not decide), we might need to know whether April 22 fell within 30 days of the event triggering the right to sue—and whether, if not, the Secretary received actual notice at an earlier date. The EEOC rendered its decision on March 7, 1986; if that is the right date, then a complaint filed on April 7 would be timely, but even one day's delay in getting notice to the Secretary would be fatal under Rule 15(c) and *Schiavone.*

Yet we needn't pursue the point. The Navy moved for (and Judge McGarr granted) dismissal without noticing that Espinueva computed the time improperly. This suit is premature, not untimely. The EEOC's decision of March 7, 1986, from which everyone initially computed the 30 day period, remands the case to the Navy for further proceedings. Not until July 16, 1986, when a Navy official issued a right-to-sue letter, was there a final decision. The Navy's "Statement of Material Facts as to which Defendant Contends there is no Genuine Issue" said that Espinueva had filed the suit on *August* 7, 1986, which would create a timeliness problem; as he filed on *April* 7, four months before he had to, and the Secretary must have had actual notice by August 16, Rule 15(c) allows the substitution to relate back.

■ Perhaps the Navy could have argued, by analogy to *Hallstrom v. Tillamook County,* —— U.S. ——, 110 S.Ct. 304, 107 L.Ed.2d 237 (1989), that the complaint of April 1986 had to be dismissed as premature, leaving Espinueva without any suit, timely or not. Although exhaustion of administrative remedies is essential, Espinueva eventually completed the administrative steps; prematurity is not a question of subject-matter jurisdiction independent of exhaustion. Cf. *Love v. Pullman Co.,* 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). The complaint invoked the court's subject-matter jurisdiction, and we affirm for the reasons Judge Norgle gave.

■ The Navy asks for sanctions under Fed.R.App.P. 38, contending that the third appeal (from the refusal to award punitive damages) is frivolous. So it is, but awards under Rule 38 are discretionary, *Mars Steel Corp. v. Continental Bank N.A.,* 880 F.2d 928, 938 (7th Cir.1989) (en banc), and we are not disposed to exercise discretion in the Navy's favor. The omission of the jurisdictional information from its brief on appeal No. 89–1530, coupled with the misstatement of the sequence of events in the papers filed before Judge McGarr, have cost both the district court (which wrote three opinions on jurisdiction over the course of a year) and this court a great deal of time—much more than Espinueva's shallow filings. Self-serving claims of discrimination are self-refuting in the main; Espinueva's were. Jurisdictional issues are harder, and when parties hinder rather than help the court the waste of time mounts. If we were to award sanctions in this case, the United States would be the payor and not the payee.

A{small}FFIRMED{/small}.