UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff–Appellee,

v.

GURNEE INNS, INC., d/b/a Holiday Inn of Gurnee,* Defendant–Appellant.

No. 91–1377.

United States Court of Appeals, Seventh Circuit.

Argued Nov. 7, 1991.

Decided Feb. 6, 1992.

---

* Defendant-appellant has advised the court that its correct name is Gurnee Inns, Inc. d/b/a

Holiday Inn of Gurnee, and not Gurnee Inn Corporation, d/b/a Holiday Inn of Gurnee, the name under which plaintiff-appellee brought this action.

Jean P. Kamp (argued), E.E.O.C., Chicago, Ill., Hercules P. Zagoras, Zagoras & Associates, Waukegan, Ill., for plaintiff-appellee.

Paul W. Grauer (argued), Grauer & Associates, Schaumburg, Ill., for defendant-appellant.

Before COFFEY and EASTERBROOK, Circuit Judges, and CRABB, District Judge.**

CRABB, Chief Judge.

After losing a case brought against it by the EEOC on behalf of eight female employees who were sexually harassed by one of the company's supervisory employees, defendant-appellant Gurnee Inns, Inc. contends now that the magistrate judge erred in awarding postjudgment interest on back pay awards to the eight injured employees. Gurnee Inns argues that the judgment against it required it to do a specific act, rather than pay a sum certain, and therefore, the judgment is not one on which postjudgment interest can be levied.

The original judgment required Gurnee Inns to deliver certified checks in specific amounts to each of the victims. On a motion by Gurnee Inns, the judgment was amended on February 9, 1989, to permit Gurnee Inns to make appropriate payroll deductions in the back pay awards. As amended, the judgment set out for each employee a specific sum "as back pay, less appropriate payroll deductions, and [a specific sum] as prejudgment interest." For example, the amount of the check that Gurnee Inns was to deliver to Linda Gillespie was "$3283.00 as back pay, less appropriate payroll deductions, and $1832.42 as prejudgment interest."

Gurnee Inns dragged its feet when it came to satisfying the judgment. It failed

** The Honorable Barbara B. Crabb, Chief Judge of the Western District of Wisconsin is sitting by designation.

to make any payments at all until after this court had affirmed the relief granted against it, *see EEOC v. Gurnee Inn Corp.*, 914 F.2d 815 (7th Cir.1990), although it never moved for a stay of the judgment pending appeal. Finally, on November 26, 1990, Gurnee Inns delivered the checks—minus the postjudgment interest the court had awarded in an order entered October 23, 1990. Not until March 1, 1991, after the magistrate judge granted the EEOC's motion to show cause why Gurnee Inns should not be held in contempt for failing to pay postjudgment interest, did Gurnee Inns turn over the disputed amounts of postjudgment interest, and then it did so by depositing the funds with the clerk of the district court.

The EEOC raises a threshold issue of our jurisdiction to hear this appeal, contending that Gurnee Inns waited too long to take an appeal from the award of postjudgment interest. Explanation of this contention requires a review of the skirmishing that took place after the lower court's judgment was affirmed on September 13, 1990. 914 F.2d 815. On October 4, 1990, the EEOC moved to enforce the judgment. On October 23, the district court granted the motion, directing that delivery of the eight checks plus postjudgment interest from February 9, 1989 be made no later than October 31, 1990. On November 2, 1990, Gurnee Inns moved for modification and clarification of the order. In an order entered on November 5, the court did not rule specifically on the motion, but denied it implicitly by giving Gurnee Inns an additional 21 days for payment. On November 26, 1990, when Gurnee Inns delivered the checks, it served on the EEOC another motion challenging the award and calculation of postjudgment interest; on December 18, it filed the motion with the court, which denied it on January 30, 1991 in an order setting forth the amount of postjudgment interest to be paid to each victim. Gurnee Inns filed its notice of appeal on February 15, 1991.

■ If the order of November 5, 1990 reinstated the running of the time for appeal, the EEOC is right, and there is no jurisdiction over the merits of the appeal because Gurnee Inns did not file its appeal until approximately one hundred days after the entry of that order. If the November 2 motion was a timely motion made pursuant to Fed.R.Civ.P. 59(e), it tolled the time for filing an appeal. *Charles v. Daley*, 799 F.2d 343, 347 (7th Cir.1986) (any substantive motion served within ten days of entry of judgment is treated as based on Rule 59(e) and tolls time for appeal). Once such a motion is denied, however, the original judgment is reinstated and the running of the time for appeal starts again. A second, similar motion does not toll the time for appeal. *Id.* at 347 (successive motions do not affect the finality of the judgment). The EEOC argues that since Gurnee Inns' November 26, 1990 motion for clarification was not served within ten days of the November 6 order, and because it was a successive motion addressed to the same October 23 order, it did not toll the time for appeal, and the February 15 notice of appeal was of no effect.

■ The October 23 order awarding postjudgment interest was a final, appealable order. It concluded all of the proceedings after judgment. *Securities and Exchange Comm'n v. Suter*, 832 F.2d 988, 990 (7th Cir.1987). Gurnee Inns' November 2 motion was not merely collateral (such as a motion for attorney's fees and costs), but was substantive and was filed within ten days of the order awarding postjudgment interest. Therefore, it constituted a valid Rule 59(e) motion, and served to toll the time for appealing from the October 23 order. If the court had denied the motion explicitly in its November 5 ruling, the postjudgment interest order of October 23 would have been reinstated, and the time for appeal would have begun to run again.

However, the magistrate judge did not rule on the merits of the motion, but merely extended the time in which Gurnee Inns could comply with the earlier order. Al-

 

though it should be self-evident to any sentient lawyer that a grant of an extension of time to comply with a court order implies denial of the motion for modification or clarification of that order, we are reluctant to hold that a party can be barred from appealing on the basis of an order that is not explicit. We hold that until the magistrate judge made it clear in her ruling on Gurnee Inns' second motion for clarification that the motion was denied, the October 23 ruling was not reinstated. Therefore, the time for appeal was tolled from November 2, 1990 until January 30, 1991. Gurnee Inns' appeal is timely and we can address the merits.

■ Gurnee Inns' position is that the judgment entered by the magistrate judge was not a money judgment but an injunctive judgment for specific performance (the delivery to certain individuals of certified checks in specified amounts), which when modified to allow Gurnee Inns to compute the applicable payroll deductions, did not set forth specific amounts for the checks. Additionally, Gurnee Inns argues that postjudgment interest is improper because 28 U.S.C. § 1961 allows interest only on "money judgments" in a sum certain, and the checks it was ordered to deliver were not for a specific amount. Neither argument survives even minimal scrutiny. Back pay awards are money judgments, even though they are equitable in nature. *Ford v. Alfaro*, 785 F.2d 835, 842 (9th Cir.1986) (holding that back wages under the Fair Labor Standards Act are subject to mandatory statutory postjudgment interest under § 1961). *See also Donovan v. Sovereign Security, Ltd.*, 726 F.2d 55 (2d Cir.1984) (same). Ordering Gurnee Inns to "deliver checks" did not change the nature of the back pay award, and the awards did not lose their character as sums certain simply because they were subject to the mechanical task of computing the payroll deductions. Gurnee Inns' arguments to that effect were sophistry. Repeating them in this court is sanctionable. The EEOC's request for sanctions is granted, pursuant to Fed.R.App.P. 38. The EEOC may have

15 days in which to submit to the clerk of this court a statement of its expenses incurred reasonably in defending against this appeal.

AFFIRMED.