Jeffrey L. SOFFERIN, Plaintiff,

v.

AMERICAN AIRLINES, INC., D.J. Nelson, and H.K. Tourtellott, Defendants.

No. 88 C 9938.

United States District Court, N.D. Illinois, E.D.

April 3, 1992.

---

Raymond E. Belstner, Illinois Cent. Gulf R. Co., James Andrew Romanyak, Gregory Alan Stayart, Romanyak & Associates, Lawrence Thomas Miller, Lawrence T. Miller, Chicago, Ill., for plaintiff.

Debra J. Leonard, Earl L. Neal & Associates, Mark Elliott Furlane, Gardner, Carton & Douglas, Chicago, Ill., for defendants.

## ORDER

NORGLE, District Judge.

Before the court is Jeffrey L. Sofferin's ("plaintiff") motion, pursuant to 28 U.S.C. § 1292(b), for an order allowing interlocutory appeal of the court's March 9, 1992 order. As stated below, the motion is granted.

## FACTS

Plaintiff sued American Airlines, Inc. ("American") and certain of its employees alleging that American discriminated against plaintiff because of his religion. Plaintiff sought leave to amend his complaint to allege violations of the Civil Rights Act of 1991. He was granted leave and filed his first amended complaint on January 31, 1992, seeking a jury trial and compensatory and punitive damages from American. On March 9, 1992, this court granted American's motion to strike and dismiss the amended pleading because, the court held, the Civil Rights Act of 1991 applies prospectively only. *Sofferin v. American Airlines, Inc.*, 785 F.Supp. 780 (N.D.Ill.1992). This court has taken the same position on two other occasions. *See Ribando v. United Airlines, Inc.*, 787 F.Supp. 827 (N.D.Ill.1992); *McCullough v. Consolidated Rail Corp.*, 785 F.Supp. 1309 (N.D.Ill.1992). Sofferin's present motion asks this court to enter an order allowing interlocutory appeal of the court's March 9, 1992 order.

## DISCUSSION

■ Title 28, § 1292(b) of the United States Code contemplates a four-part test before entry of an order under the section is proper: 1) the order entered by the district court is not otherwise appealable; 2) the question of law resolved by the district court's opinion is one that controls the controversy; 3) there is substantial ground for a difference of opinion on that question of law; and, 4) an immediate appeal might materially advance the ultimate termination of the litigation. *See generally Weir v. Propst*, 915 F.2d 283 (7th Cir.1990) (discussing use of rule and its limits).

■ All four elements are satisfied here. First, the order of the court is not otherwise appealable. For a matter to be appealed, generally speaking, it must be completed *in toto* or the court must enter a judgment pursuant to Federal Rule of Civil Procedure 54(b). *See United States EEOC v. Gurnee Inns, Inc.*, 956 F.2d 146 (7th Cir.1992) (conclusion of all of proceedings); *Mendrala v. Crown Mort. Co.*, 955 F.2d 1132 (7th Cir.1992) (discussing 54(b) certification). Neither has happened here.

Second, the question of law at issue most certainly controls this controversy. Whether the Civil Rights Act of 1991 applies is the penultimate issue for if it does, plaintiff might be entitled to compensatory damages, punitive damages, and would be able to demand a jury trial. *Johnson v. Burken*, 930 F.2d 1202, 1205 (7th Cir.1991).

Third, there is a substantial difference of opinion in this district, and indeed across the country, on the issue of the Act's retroactivity. *Compare Mojica v. Gannett Co.*, 779 F.Supp. 94 (N.D.Ill.1991) (retroactive) *and Vogel v. City of Cincinnati*, 959 F.2d 594, (6th Cir.1992) (prospective).

Fourth, resolution of this issue by the court of appeals would materially advance the ultimate termination of this case by allowing this major controversy to be resolved promptly. *Cf. People Who Care v.*

*Rockford Bd. of Education Dist. No. 205,* 921 F.2d 132 (7th Cir.1991) (holding that resolution on appeal of ancillary issue of attorney's fees would not materially advance litigation). Therefore, the court holds that an order pursuant to the strictures of 28 U.S.C. § 1292(b) is proper. The court further orders that all proceedings shall be stayed in this court until this issue is resolved by the appellate court or until after ten days after the date of this order and no appeal has been filed. 28 U.S.C. § 1292(b).

### CONCLUSION

Plaintiff's motion for an order pursuant to 28 U.S.C. § 1292(b) is granted. The court also stays all proceedings in this court until the appellate court resolves this issue that is the subject of this interlocutory appeal order or until after ten days after the date of this order and no appeal has been filed.

IT IS SO ORDERED.