Timothy J. CROSSIN and Nanette
J. Crossin, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 91 C 5029.

United States District Court,
N.D. Illinois, E.D.

April 22, 1992.

Steven Barry Wolf, James Worlton Naisbitt, Albert L. Grasso, Chuhak & Tecson, Chicago, Ill., for plaintiffs.

Michele Marion Fox, Asst. U.S. Atty., Chicago, Ill., Charles J. Cannon, U.S. Dept. of Justice, Tax Div., Washington, D.C., for defendant.

MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

Timothy and Nanette Crossin, husband and wife [1], filed suit against the United States alleging that their Claim for a Refund for the overpayment of income taxes for the 1989 tax year was erroneously denied. The Crossins paid $66,433 as a tax assessed against the award resulting from the settlement of a civil rights case. They claim that the award was excludable from the computation of income under § 104(a)(2) of the Internal Revenue Code. The government denies that § 104(a)(2) excludes the award. The parties have filed cross-motions for summary judgement. The government's motion is granted.

I. BACKGROUND

On November 8, 1986 the Federal Bureau of Investigation agreed that Nanette Crossin was entitled to relief as a member of the plaintiff class in *Christine Hansen, Class Agent v. F.B.I., D.O.J.*, EEOC Comp. # 033–079–X–3070. This underlying class

---

**1.** Timothy Crossin is a party to this case only in that he and Nanette Crossin filed a joint tax return. He was not a party to the underlying Civil Rights action, but is a party in this suit inasmuch as his tax liability is at issue.

action suit was brought under Title VII of the Civil Rights Acts of 1964 and alleged that the F.B.I. discriminated in its recruitment, selection, training and promotion practices on the basis of sex. In 1989 Crossin was paid $214,913.66 by the Federal Bureau of Investigation under the terms of the 1986 settlement between the FBI and the plaintiff class. The award received by Mrs. Crossin was computed with reference to the amount of money that she would have earned had she been employed by the F.B.I. between October 3, 1977 and April 4, 1988 minus her actual earnings from the same period. Pursuant to the settlement agreement assessments for income tax (including FICA) and federal retirement taxes were withheld from the award.

The Crossins filed a joint tax return for 1989, the tax year in which the settlement payment was received. They then filed a Claim for Refund on July 5, 1990 to obtain approximately $66,000 in income taxes withheld. The claim was disallowed by the District Director of Internal Revenue, Chicago, District, on February 4, 1991. The Crossins then filed this action seeking a refund of the taxes paid.

## II. DISCUSSION

█ The parties are now before this court on cross motions for summary judgment. The sole issue presented is whether or not backpay awarded pursuant to a settlement of a Title VII sex discrimination action is excludable from income under § 104(a)(2) of the Internal Revenue Code. § 104(a)(2) excludes "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness" from the calculation of

a taxpayer's gross income. The parties disagree on the proper application of this section. The interpretation of § 104(a)(2) has been litigated in several circuits with varying results.[2] The Seventh Circuit has not yet addressed this issue directly, but as will be seen below, has provided significant guidance.

█ § 61 of the Code determines what is included in a taxpayer's calculation of his or her "gross income". § 61(a) defines "gross income" as all income from whatever source derived. This provision is to be broadly construed as the purpose of the statute is to tax all income comprehensively. *C.I.R. v. Jacobson,* 336 U.S. 28, 69 S.Ct. 358, 93 L.Ed. 477 (1949) (discussing § 22(a) of the 1939 Internal Revenue Code, the predecessor of § 61 of the current Code). Under that broad analysis any "accession to wealth" received by a taxpayer represents gross, taxable income. *Commissioner v. Glenshaw Glass Co.,* 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483 (1955). Congress has, however, provided certain specific exceptions to the inclusive nature of § 61. § 104(a)(2), the section involved in this controversy, is one such exception.

█ Exceptions under the tax code must be narrowly construed. *United States v. Centennial Savings Bank,* — U.S. —, 111 S.Ct. 1512, 113 L.Ed.2d 608 (1991). Strict construction of what is to be excluded from gross income furthers the intent of the legislature to tax income comprehensively. *Wolder v. C.I.R.,* 493 F.2d 608 (2nd Cir.1974) *cert. denied,* 419 U.S. 828, 95 S.Ct. 49, 42 L.Ed.2d 53 (1974). In order to be subject to the exception created in § 104(a)(2) the plaintiffs must meet all of the criteria established in that exception. Thus, the plaintiffs have the burden of

**2.** *Burke v. United States,* 929 F.2d 1119 (6th Cir.1991) (Award from sex discrimination suit under Title VII exempt from income tax pursuant to § 104(a)(2)) *cert. granted,* — U.S. —, 112 S.Ct. 47, 116 L.Ed.2d 25 (1992); *Sparrow v. Commissioner,* 949 F.2d 434 (D.C.Cir.1991) (Award received pursuant to a racial discrimination suit under Title VII subject to taxation); *Thompson v. Commissioner* 866 F.2d 709 (4th Cir.1989) (Backpay award received under the Equal Pay Act of 1963 was includable in taxpay-

er's gross income while liquidated damages award received in same action was excludable from calculation as gross income); *See also, Johnston v. Harris County Flood Control District* 869 F.2d 1565 (5th Cir.1989) (acknowledging the different tax consequences of deciding a suit under 42 U.S.C. § 1981 and Title VII); *Rickel v. C.I.R.,* 900 F.2d 655 (3rd Cir.1990) (Award received pursuant to Age Discrimination in Employment Act suit exempt from income tax).

proving two elements: (1) that the plaintiffs received an award of "damages" and (2) that award was received on account of "personal injuries or sickness".

Addressing the second element first, the plaintiffs argue that the discrimination Mrs. Crossin suffered was a "personal injury". They analogize an action under Title VII to a tort claim, asserting that like a tort a violation of Title VII is "a violation of some duty owing to a plaintiff ... generally ... [arising] by operation of a law and not mere agreement of the parties." *Downey v. Commissioner*, 97 T.C. 150 (1990) quoting Black's Law Dictionary 1489 (6th ed.1990) (definition of tort). According to the Crossins the harms that Title VII are intended to prevent are fundamental human rights. *See Davis v. Passman*, 442 U.S. 228, 99 S.Ct. 2264, 60 L.Ed.2d 846 (1979). They note the distinction between a tort claim and a contractual obligation and contend that a Title VII violation is more like a tort claim.

The government does not address the issue of whether or not a violation of Title VII is a "personal injury" but instead argues that the plaintiffs failed to meet the first element of § 104(a)(2), *i.e.*, that the backpay received by Nanette Crossin did not amount to "damages" under the statute. The government claims that Mrs. Crossin's backpay award substitutes for compensation for services and is therefore not subject to an exclusion under § 104(a)(2).

The remedies available under Title VII are statutorily limited to equitable relief.[3] A clear distinction exists between the equitable relief allowed under Title VII and awards of compensatory or punitive damages. *Espinueva v. Garrett*, 895 F.2d 1164 (7th Cir.1990). Assessments of the remedies available to victims of sex discrimination have concluded that "[n]o damages are available under Title VII." *Bohen v. City of East Chicago, Ind.*, 799 F.2d 1180 (7th Cir.1986).

The money received by Mrs. Crossin was paid in reference to the amount of money she would have earned had she been hired by the F.B.I. "The demand for backpay is not in the nature of a claim for damages, but rather an integral part of the statutory equitable remedy ..." *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir.1969) quoting *Smith v. Hampton Training School for Nurses*, 360 F.2d 577 (4th Cir.1966).

The government contends that the rationale behind § 104(a)(2) is that no gain is realized by a person that is compensated for the loss of personal capital lost through a personal injury, and that therefore there is no income available to tax. *Commissioner v. Glenshaw Glass Co.*, 348 U.S. 426, 432 n. 8, 75 S.Ct. 473, 477 n. 8, 99 L.Ed. 483 (1955). The government takes the position that a settlement or award under Title VII does not represent lost personal capital but instead adds to the plaintiff's wealth by compensating him or her for services that the plaintiff should have rendered.

The government, too, distinguishes a claim under Title VII from a tort claim by comparing the remedy provided under each type of action contending that an award of backpay does not constitute damages. *Sparrow v. Commissioner*, 949 F.2d 434 (C.A.D.C.1991). The government cites a Seventh Circuit opinion footnote that observed that "Title VII authorizes any equitable remedy the court considers appropriate, including back pay, but not compensatory or punitive damages." *Patzer v. Board of Regents of Univ. of Wisconsin System*, 763 F.2d 851 (7th Cir.1985) at 854 n. 2, (distinguishing equitable remedies from damages). By contrast tort remedies are not so limited; a victim of a tort may recover compensatory and punitive damages. Elsewhere the Seventh Circuit has stated that the fact that "[b]ackpay awards are money judgements" does not change the fact that "they are equitable in nature." *United States Equal Employment*

---

**3.** 42 U.S.C. § 2000e–5(g). Under Title VII "the court may ... order such affirmative action as may be appropriate, which may include, but is not limited to, reinstatement ..., backpay ..., or any other equitable relief as the court deems appropriate."

*Opportunity Commission v. Gurnee Inns, Inc.*, 956 F.2d 146, 149 (7th Cir.1992).

Additionally, both parties put forward policy considerations to support their positions. The plaintiffs argue that the moneys received from the Federal Bureau of Investigation compensate Nanette Crossin not for lost wages but rather for the loss of human capital and the opportunity to advance. They contend that the award is compensation for the discrimination suffered by Nanette Crossin instead of remuneration for services. The Crossins' assert also that actions under Title VII should be assessed in the same manner as those brought charging racial discrimination under 42 U.S.C. § 1981.[4] Awards recovered pursuant to § 1981 are excluded from taxable income. They charge that § 1981 has been interpreted to allow broader remedies than available under Title VII and that this is an incongruent result as the nature of the injury under either statute is identical. The plaintiffs assert that Congress did not intend for this discrepancy to exist as is evidenced by the passage of the Civil Rights Act of 1991 which lessened the difference in remedies between victims of racial and sexual discrimination. Enactment of the Civil Rights Bill of 1991, however, compels the opposite conclusion. Congress broadened the remedies available to victims of employment discrimination because those remedies did not exist under the prior enactment.

The government furnishes several policy arguments to support its position. First, it argues that to exclude this type of settlement from taxation would create a windfall for the party receiving the settlement. In the absence of discrimination these wages would have been paid and subject to taxation during the year in which they were earned. If the recovery is not taxed the claimant is better off financially than she would have been had she not been subject to discrimination. The purpose of granting an award under Title VII is to "restore the economic status quo that would have been obtained but for ..." the wrongful act.

*Musikiwamba v. ESSI, Inc.*, 760 F.2d 740 (7th Cir.1985). The award received by Mrs. Crossin placed her in the same position she would have occupied absent the discrimination of the F.B.I. Had the discrimination not occurred, her earnings would have been subject to income tax; disallowing their exclusion under § 104(a)(2) achieved the same result.

### III. CONCLUSION

Defendant United States' Motion for Summary Judgment is granted. Plaintiffs' Motion for Summary Judgment is denied.

---

4. § 1981 deals exclusively with racial discrimination while Title VII prohibits employment discrimination based on an individual's race, color, religion, sex, or national origin. *See,* 42 U.S.C. §§ 2000e *et seq.*