962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Jaime H. ESPINUEVA, Plaintiff-Appellant,
v.
William L. BALL, III, Secretary of the Navy, Defendant-Appellee.
 No. 91-2638.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 24, 1992.*
Decided May 7, 1992.
 
 1
 Before CUMMINGS, and MANION, Circuit Judges, and GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Appellant Jaime H. Espinueva sought summary judgment of his motion for sanctions, filed pursuant to Fed.R.Civ.P. 37. On June 21, 1991, the district court summarily denied the motion. We affirm the district court's ruling.
 
 I.
 
 3
 After failing to attain a promotion from a GS-5 military pay clerk position to a GS-7 cashier post in the United States Navy, Mr. Espinueva filed an administrative complaint with the Equal Employment Opportunity Commission [EEOC], charging discrimination on the grounds of national origin (Filipino), age (born in 1926), and race (Asian). The EEOC found in his favor. Rather than accept the back pay and promotion to a substantially equivalent GS-7 position, however, he brought an action in district court under Title VII and the Age Discrimination in Employment Act [ADEA], seeking compensatory and punitive damages in the amount of $4,000,000.
 
 
 4
 On January 18, 1989, the district court issued an agreed order. Finding that the plaintiff, if he had prevailed on the merits, would be entitled only "to a 'make-whole' remedy consisting of promotion to an available GS-7 position ... and back pay ...," it ordered the Navy to promote the plaintiff to the vacant GS-7 position of Supervisory Military Pay Clerk and to give him back pay, "whether or not plaintiff accepts the promotion." Mr. Espinueva accepted the back pay, but did not take the available GS-7 position.
 
 
 5
 Because the relief did not include damages, Mr. Espinueva appealed. This court found that his demand of "punitive damages equal to the gross national product of a small nation" was frivolous, and affirmed the district court's ruling. Espinueva v. Garrett, 895 F.2d 1164, 1165 (7th Cir.), cert. denied, 110 S.Ct. 3241 (1990).
 
 
 6
 More than a year later Mr. Espinueva filed a motion for sanctions pursuant to the discovery rule, Fed.R.Civ.P. 37, claiming that there was a failure to comply with the January 18, 1989 order.[1] Three months later he sought summary judgment on his sanctions motion. The district court denied the requested relief.
 
 
 7
 On appeal Mr. Espinueva presents two reasons for his entitlement to sanctions. He asserts first that the Navy refused to promote him as the court ordered. He claims, as well, that the Navy did not respond to his motion for summary judgment. The government recharacterizes the issue as a post-judgment action seeking the relief granted but not accepted more than one year ago.
 
 II.
 
 8
 We begin our analysis with the motion for sanctions under Rule 37(b). This court reads liberally the submissions brought by plaintiffs proceeding pro se, see Haines v. Kerner, 404 U.S. 519 (1972), but will not construct a litigant's arguments for him. United States v. Brown, 899 F.2d 677, 679 (7th Cir.1990).
 
 
 9
 Rule 37(b) provides that a district court may impose sanctions for failure to comply with discovery orders. Insurance Corp. v. Compagnie des Bauxites, 456 U.S. 694, 695, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982). Whether to sanction and the sanctions to be imposed are decisions entrusted to the discretion of the district court. Godlove v. Bamberger, Foreman, Oswald, and Hahn, 903 F.2d 1145, 1148 (7th Cir.1990), cert. denied, 111 S.Ct. 1123 (1991).
 
 
 10
 Rule 37 is designed to address misconduct during the pendency of the cause of action, not after judgment. Sanctions are invoked after one party, unable to obtain discoverable evidence, files a motion for discovery; when the court compels the production of that evidence, the other party refuses to comply. See Reise v. Board of Regents, University of Wisconsin System, 957 F.2d 293, --- (7th Cir.1992). Sanctions are imposed against dilatory litigants and attorneys who willfully disregard such an order. See, e.g., Parker v. Freightliner Corp., 940 F.2d 1019 (7th Cir.1991); Profile Gear Corp. v. Foundry Allied Industries, 937 F.2d 351 (7th Cir.1991); Magicsilk Corp. of New Jersey v. Vinson, 924 F.2d 123 (7th Cir.1991).
 
 
 11
 In this case the demand for sanctions was filed after judgment and in spite of the fact that no request for discovery was made. Rule 37(b) is not intended to correct a failure to comply with a court order. Therefore Mr. Espinueva's motion for sanctions is not properly before this court.
 
 III.
 
 12
 The Navy suggests that Mr. Espinueva could have brought a post-judgment action pursuant to Rule 60(b), claiming perhaps "misconduct of an adverse party." It points out, however, that the motion must be made within one year of the entry of judgment; therefore appellant's filing more than two years after the judgment was untimely.
 
 
 13
 A post-judgment motion would indeed be untimely under 60(b). See North American Telecommunications Ass'n v. F.C.C., 772 F.2d 1282, 1286 (7th Cir.1985). But Mr. Espinueva did not file a 60(b) motion. Nor did he file a motion to reopen, a motion to show cause, or any other plausible submission that would ask the court to require compliance with its order. Instead he filed the punitive motion of sanctions, and one which presented a conclusory allegation unsupported by facts or argument. We will construe the motion as a post-judgment supplementary contempt proceeding. Just as we do not reverse a lower court's denial of civil contempt unless the result was clearly erroneous, Laborers' Pension Fund v. Dirty Work Unlimited, Inc., 919 F.2d 491, 494 (7th Cir.1990), so in this case we will not reverse the district court's refusal to impose sanctions on the Navy.
 
 IV.
 
 14
 The district court did, in effect, reopen the case and broadly reviewed the issue of the Navy's noncompliance. It required the Navy to file a report on the existence and status of GS-7 positions. Both the report and a subsequent submission by the government[2] reflect that Mr. Espinueva obtained back pay and the promotion, which was all the relief available to him.[3] Nothing in the record contradicts that explanation. After the court held and continued five status conferences, it issued a summary disposition denying plaintiff's summary judgment motion. Its exasperation is evident.
 
 
 15
 The displeasure of this court is also clear. See Espinueva, 895 F.2d at 1166-67. The judiciary has spent too much time on "Espinueva's shallow filings" of his "self-serving claims of discrimination," see 895 F.2d at 1167. Recalcitrant, obstructive plaintiffs seeking sanctions will not be tolerated, see Godlove, 903 F.2d at 1148, even when they appear pro se. We suggest that this issue not appear before this or any court again.
 
 
 16
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 There are no docket entries between the appeal of the district court's January 1989 decision and the filing of this motion on February 25, 1991. We conclude that Mr. Espinueva made no discovery requests or motions to compel before filing this motion for sanctions
 
 
 [2]
 We construe the Navy's response to the court and "Government's Reply Concerning Requested Report to the Court" to be responses to Mr. Espinueva's motion for summary judgment. See R. 31, 32, 33
 
 
 [3]
 As we told appellant in our earlier opinion, "[n]either Title VII nor the ADEA authorizes awards of compensatory or punitive damages, as opposed to 'equitable' relief such as reinstatement and back pay." Espinueva, 895 F.2d at 1165. See also Trautvetter v. Quick, 906 F.2d 1140, 1147-48 (7th Cir.1990)