# United States Court of Appeals

## For the First Circuit

No. 06-1992

RADFORD TRUST,

Plaintiff, Appellant,

v.

FIRST UNUM LIFE INSURANCE COMPANY OF AMERICA,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. William G. Young, U.S. District Judge]

Before

Torruella, Lynch, and Lipez,
Circuit Judges.

Warren H. Pyle, with whom Pyle, Rome, Lichten, Ehrenberg & Liss-Riordan, P.C. was on brief, for appellant.
Mark E. Porada, with whom Geraldine G. Sanchez and Pierce Atwood LLP were on brief, for appellee.

June 27, 2007

**LYNCH**, **Circuit Judge**.  In this case under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001-1461, the sole remaining issue concerns the district court's determination of the date on which postjudgment interest on an award of benefits would begin, and the effect of this determination on the court's discretionary decision to award prejudgment interest.  We find that the district court incorrectly held that postjudgment interest began to accrue on a date prior to the resolution of a disputed issue of damages.  In light of this, we remand to the district court to decide the matter of prejudgment interest and any other matters raised in the aftermath of the parties' settlement of an additional issue on appeal.

We recite only those facts relevant to the issue on appeal.  Additional background can be found in the district court's opinions in this case.  See Radford Trust v. First Unum Life Ins. Co. of Am. (Radford Trust I), 321 F. Supp. 2d 226 (D. Mass. 2004); Radford Trust v. First Unum Life Ins. Co. of Am. (Radford Trust II), 399 F. Supp. 2d 3 (D. Mass. 2005).

Radford Trust is the assignee of a claim by a John Doe for benefits under a group long-term disability policy issued by First Unum Life Insurance Company to Doe's former employer.  After First Unum denied Doe's claim and Doe exhausted his administrative appeals, Radford Trust filed this suit under ERISA seeking damages for the allegedly wrongful denial of benefits.

On March 31, 2004, the district court granted Radford Trust's motion for "partial summary judgment on the issue of liability." The court held that Radford Trust was entitled to collect twenty-four months of benefits, plus costs, prejudgment interest, and postjudgment interest. The court determined that prejudgment interest would run from October 17, 1999, the beginning of the period for which the court found Doe was entitled to benefits. The court then required First Unum to submit a calculation of the benefits owed and gave Radford Trust the opportunity to challenge that calculation.

On April 14, 2004, First Unum submitted its calculation of benefits. On April 28, Radford Trust filed a response in which, inter alia, it challenged the applicability of an offset for Social Security benefits received by Doe.

On June 15, 2004, the district court issued an opinion explaining the reasoning behind its March 31 order. See Radford Trust I, 321 F. Supp. 2d at 230. In the June 15 opinion, the court sua sponte revised the accrual date for prejudgment interest to June 13, 2000, the date on which Doe submitted an Employer's Statement and Job Analysis as part of the proof of disability required under the policy. Id. at 253. The court made no mention of the Social Security offset issue.

On November 15, 2005, the court issued another opinion in which it resolved a number of pending motions, mostly relating to

an award of attorneys' fees.  Radford Trust II, 399 F. Supp. 2d at 8.  At this point, the court granted Radford Trust's motion for First Unum to make an initial determination of whether the Social Security offset applied, and the court ordered First Unum to incorporate its determination into an updated calculation of the amount owed Radford Trust.  Id. at 21.

At this point, the court also denied a motion by Radford Trust to amend the June 2004 order "by ruling that the prejudgment interest continues until the date the Court quantifies damages." Citing Mogilevsky v. Bally Total Fitness Corp., 311 F. Supp. 2d 212 (D. Mass. 2004), the court explained that it was of the view that "interest on the awarded attorney's fees and costs shall accrue as of the date of the underlying merits judgments."  Radford Trust II, 399 F. Supp. 2d at 24.

First Unum included a Social Security offset in its calculation submitted on November 29, 2005.  Radford Trust continued to challenge the applicability of the offset in its response.  On December 22, 2005, the district court ruled that the offset did apply.  The court also held that "the appropriate date to begin accrual of post-judgment interest on the benefits award is the date upon which the merits were decided, not the date on which sum-certain was known" and that "[p]rejudgment interest ceased to accrue" on that date, March 31, 2004.

On appeal, Radford Trust challenges the district court's determination that prejudgment interest ceased to accrue as of the date of the initial March 2004 order. In ERISA cases, the district court has broad discretion both to determine whether to award prejudgment interest and to determine the parameters of such an award. Cottrill v. Sparrow, Johnson & Ursillo, Inc., 100 F.3d 220, 223 (1st Cir. 1996). Our review of such determinations is only for abuse of discretion. Id. Here, however, the district court appears not to have set the March 2004 end date as a matter of discretion, but rather set the date based on its determination as to when postjudgment interest should begin. This raises a legal issue, which we review de novo. See Fratus v. Republic W. Ins. Co., 147 F.3d 25, 30 (1st Cir. 1998); see also Westinghouse Credit Corp. v. D'Urso, 371 F.3d 96, 100 (2d Cir. 2004).

28 U.S.C. § 1961(a) provides that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." The existence of a "money judgment" requires damages to have been ascertained in a "meaningful way." Kaiser Aluminum & Chem. Corp. v. Bonjorno, 494 U.S. 827, 836 (1990). In Kaiser, the district court granted a new trial as to damages only, after finding the evidence insufficient to support the jury's damages award. Id. at 830. The Supreme Court held that in such a situation, postjudgment interest on a later damages award did not begin to accrue when the initial judgment entered. Id. at 836.

-5-

Implicit in this holding is the principle that a finding of liability alone without a corresponding determination on damages does not suffice to start the clock on postjudgment interest.[1] See Happy Chef Sys., Inc. v. John Hancock Mut. Life Ins. Co., 933 F.2d 1433, 1435, 1437 (8th Cir. 1991).

In this case, the district court's March 2004 order amounted to only a finding of liability for benefits. Indeed, this was the only finding requested by Radford Trust in its motion for "partial summary judgment." The court's March 2004 order left open the possibility that the parties would dispute the amount of damages, inviting the parties to brief any such dispute. Accordingly, Radford Trust raised the issue of the applicability of the Social Security offset. That issue was disputed between the parties until the district court ruled on the issue in its December 2005 order. Thus, there was no "money judgment" until December 2005.

In ruling to the contrary, the district court relied on cases relating to whether postjudgment interest on attorneys' fees accrues when the entitlement to fees is established or when the amount of the fees is quantified. See Mogilevsky, 311 F. Supp. 2d at 224-26. This court has never ruled on this issue, see Foley v.

---

[1] In a similar vein, we have previously held that, in the absence of a determination under Federal Rule of Civil Procedure 54(b), a judgment as to some claims or some parties does not begin to accrue postjudgment interest while another claim is still pending. See Fratus, 147 F.3d at 30.

-6-

City of Lowell, 948 F.2d 10, 22 n.16 (1st Cir. 1991), and we need not do so here. While some courts have held that attorneys' fees should be treated as simply a form of damages award, and thus accrue interest only when quantified, see Eaves v. County of Cape May, 239 F.3d 527, 535 (3d Cir. 2001), the rule as to damages awards does not depend on the rule as to attorneys' fees. Compare Happy Chef, 933 F.2d at 1437 (damages awards accrue interest when quantified), with Jenkins v. Missouri, 931 F.2d 1273, 1276 (8th Cir. 1991) (attorneys' fees accrue interest when the right to fees is established).

Nor does this case fall within the rule that damages are considered to have been ascertained when all that remains is a "mechanical task of computing" the exact sum based on the court's orders. EEOC v. Gurnee Inns, Inc., 956 F.2d 146, 149 (7th Cir. 1992). While computing the Social Security offset might have been a "mechanical task," determining whether it applied was not.

Because an award of prejudgment interest in ERISA cases is discretionary, we leave to the district court on remand the decision in the first instance whether to award prejudgment interest for the period from March 2004 to December 2005, during which it erroneously granted postjudgment interest. The district court can thus address First Unum's argument that it would be inequitable to award prejudgment interest for this period because Radford Trust was responsible for much of the delay.

Radford Trust initially also appealed the district court's decision to award benefits starting from June 2000, rather than October 1999. The parties have now settled this issue, and the appeal on this issue is accordingly dismissed. On remand, the district court can address Radford Trust's contention that it is entitled to additional relief flowing from the settlement.

The appeal on the benefits accrual issue is <u>dismissed</u>. The award of postjudgment interest from March 31, 2004 to December 22, 2005 is <u>reversed</u> and the case is <u>remanded</u> to the district court to determine whether to award prejudgment interest for the same period and for further proceedings consistent with this opinion. No costs are awarded.