66 F.3d 326
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jocelyn JOHNSON, Plaintiff-Appellant,
v.
CLEVELAND HEIGHTS/UNIVERSITY HEIGHTS SCHOOL DISTRICT BOARD
OF EDUCATION; Judith Glickson; Steve Bolluck; Dr. Stuart
Klein; Dr. Laurie Gearity; Robert Burmeister; Linda
Koenig; Brenda Wade; Jacky Brown, Defendants-Appellees.
 No. 94-3523.
 United States Court of Appeals, Sixth Circuit.
 Sept. 6, 1995.
 
 Before: JONES, GUY, and BOGGS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Nwabueze Okocha, an attorney, appeals an order sanctioning him for dilatory conduct during a lawsuit initiated by his client, Jocelyn Johnson.[1] The district court required Okocha to pay to the appellees' attorney's fees of approximately $5,000. Cleveland Heights/University Heights School District Board of Education (hereinafter all defendants are collectively referred to as "the Board") moves for additional sanctions, contending that the appeal is frivolous. For the reasons set out more fully below, we affirm the judgment of the district court and deny the motion for sanctions on appeal.
 
 
 2
 * Jocelyn Johnson sued the Board, alleging race and sex discrimination in violation of state and federal law, deprivation of constitutional rights, infliction of emotional distress, and invasion of privacy. With the assistance of her attorney, Nwabueze Okocha, Johnson filed her complaint in January 1992, in the United States District Court for the Northern District of Ohio.
 
 
 3
 In dismissing the case and imposing limited sanctions on Okocha, the district court stated that "[t]his litigation was characterized by repeated dilatory conduct by Johnson's counsel, Nwabueze Okocha." A brief chronology of the events that led to this conclusion is instructive.
 
 
 4
 March 26, 1992: The Board's attorneys gave notice to Okocha that they would depose Johnson on April 29, 1992. Okocha asked to have this deposition rescheduled for May 27 and 28, 1992. On May 27, Okocha and Johnson arrived one hour late, and returned one hour late from a lunch break. Little having been accomplished, Okocha then canceled the May 28 meeting. The parties rescheduled Johnson's deposition for July 9 and 10, 1992.
 
 
 5
 July & August, 1992: Okocha canceled the July 9 and 10 deposition of Johnson, and rescheduled for August 5 and 6, 1992. In August, Okocha again canceled, claiming a conflicting trial, but promised to reschedule when his trial ended.
 
 
 6
 August 26, 1992: In a case management conference, the parties' attorneys had set August 31, 1992 as the "discovery cut-off." On August 26, Okocha moved to extend the "cut-off" to October 30, claiming a conflicting trial. The district court granted the motion.
 
 
 7
 August 31, 1992: Okocha never called the Board's counsel to reschedule Johnson's deposition. Therefore, on August 31 the Board's attorneys gave notice of the continued deposition for September 9 and 10, 1992.
 
 
 8
 September 9 & 10, 1992: Okocha appeared with Johnson for the deposition on September 9. Okocha again canceled the second day.
 
 
 9
 October 16, 1992: The court granted the Board's motion for a psychiatric examination of Johnson.
 
 
 10
 October 26, 1992: The Board scheduled a deposition of Dr. Awilda Hall. Okocha called just before the deposition to postpone, but the Board refused to do so unless Dr. Hall could be contacted first. Okocha promised to contact Hall and call the Board back, but never did. The Board's attorneys and a court reporter showed up for the deposition. Neither Dr. Hall nor Okocha showed up.
 
 
 11
 October 30, 1992: Okocha again moved to extend the "discovery cut-off." The court granted the motion, rescheduling the discovery cut-off for December 15, 1992. The court warned that there would be "no further extensions."
 
 
 12
 December 11, 1992: After Johnson failed to show up for her psychiatric exam, the Board moved for sanctions. The Board dropped the motion when Johnson agreed to a rescheduling. Johnson showed up on the rescheduled date, but left before the exam when the doctor refused to let her tape-record it.
 
 
 13
 December 14, 1992: The Board moved to compel Johnson to produce an envelope, containing evidence related to the case. The court granted the motion, but Johnson never produced the envelope.[2]
 
 
 14
 February 1, 1993: Six weeks after the December 15 discovery cut-off, Okocha again requested an extension of time for discovery. Okocha also requested an extension of time to file a response to a January 8 summary judgment motion by the Board.
 
 
 15
 March 4 and 8, 1993: The court again granted Okocha's request for an extension, and extended his time until March 30, 1993. However, the court warned Johnson and Okocha that there would be absolutely no more extensions.
 
 
 16
 March 30, 1993: Okocha requested a further extension. He never filed a response to the summary judgment motion.
 
 
 17
 On June 7, 1993, the district court dismissed Johnson's case with prejudice, sua sponte, for failure to prosecute and failure to respect the court's orders regarding further extensions of time. The court also found Johnson's claims to be without merit. Johnson filed a notice of appeal on August 16, 1993. It is currently being held in abeyance in this court as Case No. 93-3956, pending a state court case.
 
 
 18
 On September 3, 1993, the Board made a motion in the district court seeking the assessment of fees and sanctions against Johnson's attorney, Nwabueze Okocha, pursuant to the inherent powers of the court; Rules 11 & 37, Fed.R.Civ.P.; 28 U.S.C. Sec. 1927; and 42 U.S.C. Secs. 2000e-5(k) & 1988(b). On September 23, Okocha moved to strike the Board's motion on timeliness grounds. He did not, however, oppose the motion or the basis for the fees and costs, and he did not request a hearing. On February 25, 1994, the court denied Okocha's motion to strike and granted the Board's motion in part. It assessed limited fees of $4993.75 against him, pursuant to its inherent powers, pursuant to 28 U.S.C. Sec. 1927, and under Rule 37 of the Federal Rules of Civil Procedure. The court also reported Okocha to the Northern District of Ohio Complaints and Policy Compliance Committee "for review of counsel's continuing sanctionable conduct before this Court."
 
 II
 
 19
 Okocha appeals the district court's decision to impose sanctions for repeated discovery violations. This court reviews the district court's decision to impose sanctions for an abuse of discretion. Orlett v. Cincinnati Microwave, Inc., 954 F.2d 414, 417 (6th Cir.1992). The court imposed the sanctions under its inherent power to control the conduct of parties before it, under Rule 37, Fed.R.Civ.P., and under 28 U.S.C. Sec. 1927.
 
 
 20
 The Supreme Court has affirmed the inherent power of a district court to sanction the bad-faith conduct of a party or their attorney. Chambers v. NASCO, 501 U.S. 32 (1991). Rule 37 of the Federal Rules of Civil Procedure also provides the district court with the power to impose sanctions for failing to comply with discovery orders. See Roadway Express, Inc. v. Piper, 447 U.S. 752, 763-64 (1980). Finally, 28 U.S.C. Sec. 1927 authorizes a court to assess fees and costs against any counsel who "multiplies the proceedings in any case unreasonably and vexatiously."
 
 
 21
 Okocha's assertion that the district court sanctioned him for the conduct of his client, which was beyond his control, is wrong. To the contrary, the district court made it clear it considered Okocha to be the primary cause of the delays. Several abuses cited by the district court have nothing to do with the conduct of his client.
 
 
 22
 Okocha also claims that the district court did not afford him a hearing, in violation of Rule 37(a)(4). However, Okocha never sought a hearing. Furthermore, an amendment to the rules makes it clear that the district court has the power to consider such motions solely based on written submissions.
 
 
 23
 Rule 37(a)(4) initially provided that the court "shall, after opportunity for hearing," order counsel to pay reasonable expenses. The revision took effect on December 1, 1993, several weeks after the Board made the motion, but well before the district court decided it. It permits the court to impose sanctions "after affording an opportunity to be heard." The Committee amended the rule, according to the Advisory Committee Notes, to make it clear that the court could consider such questions on written submission as well as on oral hearings.
 
 
 24
 Finally, Okocha's claim that the filing of the motion was untimely is also without merit. The Board made the motion six weeks after the final decision of the district court. Generally, requests for fees are not subject to any specific time restrictions. See Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). There is no requirement that a party's motion for fees pursuant to Rule 37 must be filed within the normal time for post-judgment motions. See Kasuri v. St. Elizabeth Hosp. Medical Ctr., 897 F.2d 845 (6th Cir.1990) (motion filed after judgment and after appeal of underlying judgment is timely).
 
 
 25
 Okocha's reliance on Local Rule 8:7.4 is similarly misguided. The local rule in question has nothing to do with the issue here. It applies to disputes over discovery (i.e. scope, timing, etc.), not for sanctions regarding attorney misconduct.
 
 
 26
 The district court has the discretion to sanction an attorney who appears before it. Okocha is unable to offer any coherent explanation for his dilatory behavior nor point to any defect in the process by which the district court imposed sanctions. Okocha has been down this road before in the district court. See, e.g., Hagins v. Eaton Corp., 1992 WL 366446 (N.D. Ohio Sept. 9, 1992) (sanctioning Okocha for repeated and habitual discovery abuses and noting similar action taken with Okocha in the Northern District of Ohio in Wells v. Parker, 1:91CV1086; Mbanefo v. Broadview Savings, 1:86CV1170; and Garner v. St. Luke's Hosp., 1:84CV2703). The Ohio Supreme Court has permanently suspended Okocha from the practice of law in Ohio, for unrelated misconduct. Cuyahoga County Bar Ass'n v. Okocha, 632 N.E.2d 1284 (Ohio 1994). Therefore, his conduct in this case, as well as the evidence that this was not an isolated incident, makes the decision to impose the limited sanctions here a reasonable exercise of the court's discretion.
 
 
 27
 The Board moves this court to sanction Okocha under Rule 38 of the Federal Rules of Appellate Procedure. An appeal is frivolous if it obviously without merit and if a party pursues it for purposes of delay, harassment, or other improper purposes. See NLRB v. Cincinnati Bronze, Inc., 829 F.2d 585, 591 (6th Cir.1987). Although Okocha's arguments ultimately lack merit, and the substantive portion of Okocha's brief is approximately three pages long, we decline to impose sanctions, though this is a close call. Abusive and dilatory discovery tactics in the district court do not per se, entitle a party to sanctions on appeal and we have not found the same degree of dilatory behavior in the prosecution of this appeal.
 
 III
 
 28
 The judgment of the district court is AFFIRMED. The motion seeking sanctions on appeal is DENIED.
 
 
 
 [1]
 Okocha has been permanently suspended from the practice of law, see infra p. 8
 
 
 [2]
 Apparently Johnson brought the envelope to a deposition but, on Okocha's advice, refused to turn it over. The envelope was then inadvertently thrown out by Okocha's legal assistant