Rita MILLER, Plaintiff,

v.

CREDIT COLLECTION SERVICES,
Defendant.

No. C–3–98–490.

United States District Court,
S.D. Ohio,
Western Division.

Sept. 18, 2000.

Jason D. Fregeau, Yellow Springs, OH, for Plaintiff.

Randy T. Slovin, for Defendant.

DECISION AND ENTRY OVERRULING DEFENDANT'S MOTION FOR RULE 11 SANCTIONS AND FOR ATTORNEY'S FEES PURSUANT TO 15 U.S.C. § 1692k (DOC. # 18); DECISION AND ENTRY OVERRULING PLAINTIFF'S MOTION FOR RULE 11 SANCTIONS (DOC. # 21); DECISION AND ENTRY OVERRULING, AS MOOT, PLAINTIFF'S MOTION FOR INFORMAL DISCOVERY CONFERENCE (DOC. # 26)

RICE, Chief Judge.

This litigation arose out of the Defendant's efforts to collect a debt which the Plaintiff owed to an entity named Lab Corporation. The Plaintiff claimed that the Defendant's activities in that regard violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Ohio Consumer Sales Practices Act ("OCSPA"), Chapter 1345 of the Ohio Revised Code, because the Defendant had offered her the option of paying her debt through the use of a credit card. On September 13, 1999, this Court entered a Decision in which it sustained the Defendant's Motion to Dismiss or, in the alternative, for Judgment on the Pleadings (Doc. # 11). *See* Doc. # 17. In particular, the Court dismissed the Plaintiff's claim under the federal statute, with prejudice, and her state law claim, without prejudice. *Id.* On October 19, 1999, the Defendant filed a motion, with which it requested this Court to impose sanctions on the Plaintiff, pursuant to Rule 11 of the Federal Rules of Civil Procedure, and to award it attorney's fees, pursuant to 15 U.S.C. § 1692k. *See* Doc. # 18. In

response, the Plaintiff has filed her own motion, requesting that the Court impose sanctions on the Defendant's counsel pursuant to Rule 11. *See* Doc. # 21. For reasons which follow, this Court overrules both Defendant's Motion for Rule 11 Sanctions and for Attorney's Fees Pursuant to 15 U.S.C. § 1692k (Doc. # 18) and Plaintiff's Motion for Rule 11 Sanctions (Doc. # 21).[1] As a means of analysis, the Court will initially address the parties' requests for sanctions under Rule 11, following which it will turn to the Defendant's request for attorney's fees under 15 U.S.C. § 1692k.

## I. Rule 11

■ In its motion, Defendant argues that the Plaintiff's claim under the FDCPA was frivolous, thus warranting the imposition of sanctions pursuant to Rule 11. Plaintiff, in turn, contends that the Defendant's Motion for Rule 11 Sanctions and for Attorney's Fees Pursuant to 15 U.S.C. § 1692k (Doc. # 18) is frivolous, thus warranting the imposition of sanctions on the Defendant in accordance with Rule 11. The manner in which a party can request the imposition of sanctions under that provision in the Federal Rules of Civil Procedure is governed Rule 11(c)(1)(A), which provides, in pertinent part:

> (A) *By Motion.* A motion for sanctions under this rule shall be made separately from other motions or requests and shall describe the specific conduct alleged to violate subdivision (b). *It shall be served as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion (or such other period as the court may prescribe), the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.*

(Emphasis added). In *Ridder v. City of Springfield, 109 F.3d 288 (6th Cir.1997),* Springfield, 109 F.3d 288 (6th Cir.1997), *cert.*

*denied,* 522 U.S. 1046, 118 S.Ct. 687, 139 L.Ed.2d 634 (1998), the Sixth Circuit noted that the requirement that a party seeking sanctions serve its motion at least 21 days before filing same creates a "safe harbor," under which an allegedly offending party is afforded the ability to withdraw the purportedly sanctionable paper. *Id.* at 295. The Sixth Circuit also held that compliance with the safe harbor provision is mandatory and that sanctions under Rule 11 are unavailable, unless the party seeking same has complied with that provision. *Id.* at 296–97.

■ Herein, neither the Defendant nor the Plaintiff has complied with the safe harbor requirement contained in Rule 11. The certificate of service on the Defendant's motion indicates that it was served on October 18, 1999, the day before that motion was filed with this Court. The certificate of service on the Plaintiff's motion indicates that it was served on November 17, 1999, the same day as that motion was filed with this Court. Therefore, in accordance with *Ridder,* it would appear that this Court must deny each party's request for sanctions under Rule 11. However, the Defendant contends that, despite its failure to serve its motion 21 days before filing same, communications from its counsel to Plaintiff's counsel constitute compliance with the safe harbor requirement of Rule 11(c)(1)(A).[2] Apparently, Defendant's counsel wrote his counterpart for Plaintiff on October 20, 1998, indicating that he was not aware of any case which would permit the imposition of liability on the Defendant, under either the FDCPA or the OCSPA, for merely offering to allow Plaintiff to pay her debt with a credit card. Defendant's counsel suggested, as a result, "Rule 11 sanctions will likely be sought." On November 2, 1998, Defendant's counsel spoke with Plaintiff's counsel by telephone, requesting that this lawsuit be dismissed, which Plaintiff's coun-

---

**1.** Also pending is Plaintiff's request that the Court conduct an informal discovery conference. *See* Doc. # 26. Therein, Plaintiff indicates that such a conference is necessary, in order to permit her counsel to obtain information pertaining to the billing records of Defendant's counsel. According to Plaintiff, those records are pertinent to the question of the amount of attorney's fees which could be awarded. Given that the

Court has concluded that both parties' motions requesting sanctions and attorney's fees must be overruled, Plaintiff's Motion for Informal Discovery Conference (Doc. # 26) is overruled as moot.

**2.** Plaintiff has not suggested that she has complied with the safe harbor requirement contained Rule 11(c)(1)(A).

sel declined to do. For reasons which follow, this Court concludes that the communications between counsel do not serve as a substitute for the requirement imposed by Rule 11(c)(1)(A) that *a motion for sanctions be served* at least 21 days before filing same.

As an initial matter, the language employed in the second sentence of Rule 11(c)(1)(A) clearly and expressly requires that the motion for sanctions be served. If the drafters of that Rule had deemed a letter suggesting that sanctions would be sought were sufficient, they could quite easily have used language to convey that intent, instead of that which was chosen. Moreover, the Sixth Circuit stressed in *Ridder* that there must be "strict adherence" the safe harbor requirement in Rule 11. 109 F.3d at 297. If this Court were to conclude that a letter from counsel suggesting that sanctions will likely be sought is equivalent to serving a motion for sanctions, it would be violating the Sixth Circuit's command of strict adherence. Finally, the courts have uniformly concluded that a letter from an attorney to opposing counsel, threatening to seek sanctions under Rule 11 if an allegedly offending paper is not withdrawn or modified, is not the functional equivalent of serving a motion for sanctions and that, therefore, such a letter does not constitute compliance with the safe harbor provision contained in Rule 11(c)(1)(A). For instance, in *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir.1998), shortly after suit had been filed, defendant's counsel wrote to plaintiff's counsel, explaining why the lawsuit was frivolous and threatening to seek sanctions if it were not dismissed, a threat which plaintiff's counsel ignored.[3] After the District Court had granted defendant's motion to dismiss, the defendant moved for sanctions under Rule 11, serving that motion the same day it

had been filed. The District Court sustained that motion, and imposed sanctions on plaintiff's counsel. On appeal, the Ninth Circuit reversed, concluding that the threats by defendant's counsel to seek sanctions were not the equivalent of a motion seeking such. *Id.* at 710. To reach that conclusion, the Ninth Circuit relied upon the comments by the Advisory Committee to Rule 11, which provide, *inter alia*, that "the 'safe harbor' period begins to run only on service of the motion." *Barber* is factually indistinguishable from this litigation. Other courts have also concluded that letters threatening to seek sanctions do not meet the requirement that a motion for sanctions under Rule 11 be served at least 21 days before the filing of same. *See e.g., Gamla Enterprises North America, Inc. v. Lunor–Brillen Design,* 2000 WL 193120 (S.D.N.Y.2000); *Harding University v. Consulting Services Group, L.P.,* 48 F.Supp.2d 765 (N.D.Ill.1999); *Two Men and a Truck/International, Inc. v. Two Men and a Truck/Kalamazoo, Inc.,* 1996 WL 740540 (W.D.Mich.1996); *Sears, Roebuck & Co. v. Sears Realty Co., Inc.,* 932 F.Supp. 392 (N.D.N.Y.1996). Based upon the foregoing, this Court rejects Defendant's contention that the letter and telephone call from its counsel constituted compliance with the express requirement contained in Rule 11(c)(1)(A) that a motion for sanctions be served at least 21 days before filing same.

■ Accordingly, the Court overrules Defendant's Motion for Rule 11 Sanctions and for Attorney's Fees Pursuant to 15 U.S.C. § 1692k (Doc. # 18), to the extent that, with that motion, the Defendant seeks an award of sanctions under Rule 11. In addition, the Court overrules Plaintiff's Motion for Rule 11 Sanctions (Doc. # 21).[4]

---

3. That letter was a follow-up to a previous telephone conversation between the counsel, during which defendant's counsel had raised the same subject.

4. Although captioning her motion as one for sanctions under Rule 11, the Plaintiff also mentions 28 U.S.C. § 1927, in the body of that document. Section 1927 authorizes a District Court to order an attorney, who has "unreasonably and vexatiously" multiplied proceedings, to pay the opposing party's attorney's fees. The Plaintiff has not developed her argument as to why she is

entitled to an award of attorney's fees under § 1927. To the extent that Plaintiff is relying upon that statute to secure the recovery of fees and costs, the Court rejects such an effort. In the absence of clear authority to the contrary from the Sixth Circuit, this Court cannot conclude that Defendant's counsel acted unreasonably and vexatiously by taking the position that his letter complied with the safe harbor provision contained in Rule 11(c)(1)(A). Therefore, Defendant's counsel did not violate § 1927, by seeking an award of sanctions, even though he failed to

## II.  15 U.S.C. § 1692k

■ Under 15 U.S.C. § 1692k(a)(3), a District Court may award attorney's fees to a prevailing defendant in a case brought under the FDCPA, upon finding that the litigation was "brought in bad faith and for the purpose of harassment." The Defendant contends that it is entitled to an award of attorney's fees under that statutory provision, because the Plaintiff filed this litigation in bad faith and for the purposes of harassment. Plaintiff counters by arguing, *inter alia,* that Defendant is not entitled to recover attorney's fees, because his request for same was not timely filed under Rule 54(d)(2) of the Federal Rules of Civil Procedure.[5] This Court agrees. In relevant part, Rule 54(d)(2) states:

> (A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion unless the substantive law governing the action provides for the recovery of such fees as an element of damages to be proved at trial.

> (B) Unless otherwise provided by statute or order of the court, the motion must be filed and served no later than 14 days after entry of judgment. . . .

Courts, including the Sixth Circuit, have held that the failure to comply with the 14–day requirement set forth in Rule 54(d)(2) constitutes a waiver of the right to seek attorney's fees. *See e.g., Allen v. Murph,* 194 F.3d 722, 723–24 (6th Cir.1999); *United Industries, Inc. v. Simon–Hartley, Ltd.,* 91 F.3d 762, 765–66 (5th Cir.1996).

Herein, final judgment was entered on September 13, 1999. The Defendant filed its motion requesting attorney's fees on October 19, 1999, more than 14 days after final judgment had been entered. Therefore, the Defendant did not file its request for an award of attorney's fees under § 1692k in timely fashion. Accordingly, the Court overrules Defendant's Motion for Rule 11 Sanctions

comply with the safe harbor requirement contained in Rule 11(c)(1)(A).

5. The Defendant points out that the temporal limitations set forth Rule 54(d)(2) are not applicable to requests for sanctions under Rule 11. That point cannot be disputed, given that Rule 54(d)(2)(E) expressly so provides. This Court

and for Attorney's Fees Pursuant to 15 U.S.C. § 1692k (Doc. #18), to the extent that, with that motion, the Defendant seeks an award of attorney's fees under § 1692k.

has not relied upon Rule 54(d)(2), to deny the Defendant's request for sanctions under Rule 11. However, the temporal restrictions contained in Rule 54(d)(2) are applicable to requests for attorney's fees under § 1692k, since that statute does not provide otherwise.