FIELDTURF, INC. and Fieldturf International, Inc., Plaintiffs,

v.

SOUTHWEST RECREATIONAL INDUSTRIES, INC., Defendant.

Civ.A. No. 00–12–JMH.

United States District Court, E.D. Kentucky, Lexington Division.

Jan. 10, 2003.

Susan J. Mohler, Frost, Brown, Todd, LLC, Lexington, KY, Arthur S. Beeman, W. Bruce Baird, Frost, Brown, Todd, LLC, Louisville, KY, Susan L. Williams, Frost, Brown, Todd, LLC, New Albany, IN, for plaintiff.

P. Douglas Barr, William L. Montague, Jr., Richard B. Warne, Joanne Richards, Stoll, Keenon & Park, LLP, Lexington, KY, Michael A. Piazza, Richard Levin, Amy K. Bock, Lisa S. Gallerano, Scott T. Williams, Akin, Gump, Strauss, Hauer & Feld, L.L.P., Dallas, TX, Raymond E. White, Chris P. Perque, Richard A. Fordyce, Gregory C. Mathis, Adam D. Sheehan, Akin, Gump, Strauss, Hauer & Feld, Austin, TX, for defendant.

## MEMORANDUM OPINION AND ORDER

HOOD, District Judge.

This matter is before the Court on Plaintiffs' motion to strike Defendant's motion for discovery sanctions [Record No. 483]. Defendant has responded [Record No. 486], and Plaintiffs have replied [Record No. 487]. This matter is now ripe for decision. Plaintiffs have also filed a Motion for an Expedited Briefing Schedule on Plaintiffs' Emergency Motion to Strike [Record No. 484] which is now moot due to Defendant's acquiescence and response within the time frame suggested.

On November 21, 2002, the Court entered a Memorandum Opinion and Order that granted Southwest's Motion for Partial Summary Judgment and Southwest's Motion for Summary Judgment [Record No. 462], and ordered this action dismissed and stricken from the Court's active docket. On November 22, 2002, Plaintiffs FieldTurf, Inc., and FieldTurf International, Inc. (collectively "FieldTurf"), timely filed a Notice of Appeal [Record No. 466] of this Court's November 21, 2002 Memorandum Opinion and Order. FieldTurf's appeal was docketed by the United States Court of Appeals for the Federal Circuit on December 17, 2002. On December 23, 2002, Defendant filed both a Motion for Attorney Fees, Costs, and Expenses [Record No. 478] and a Motion for Discovery Sanctions [Record No. 477]. Plaintiffs filed their own Motion for Attorney Fees [Record No. 475].

In their motion to strike, Plaintiffs assert that their Notice of Appeal to the United States Court of Appeals for the Federal Circuit deprives this Court of jurisdiction to consider Southwest's motion for discovery sanctions pursuant to FED. R. CIV. P. 26 and 37 since it was filed "nearly a month" after FieldTurf filed its Notice. [Pl. Motion at 2.] Relying on some curious "[b]lack letter law" and the Federal Rules of Appellate Practice for the proposition that the motion be stricken, FieldTurf has failed to note Sixth Circuit precedent which clearly holds that post-judgment and post-appeal motions for discovery sanctions are neither untimely nor outside a trial court's jurisdiction. [*Id.*] Because Southwest's motion is properly before this Court, FieldTurf's Emergency Motion to Strike shall be denied.

■ Plaintiffs take the position that FED. R. APP. P. 4(a)(4)(A) provides for continuing jurisdiction in the district court *only* for those motions made pursuant to the following Rules: (1) FED. R. CIV. P. 50(b); (2) FED. R. CIV. P. 52(b); (3) FED. R. CIV. P. 54; (4) FED. R. CIV. P. 59; and (5) FED. R. CIV. P. 60.[1] As

---

1. FieldTurf relies upon an unreported decision from the District of Arizona for the proposition that a notice of appeal deprives the district court of jurisdiction to consider a motion for discovery sanctions. In *Alward v. Burrelle's Information Servs.*, the district court considered FED. R. APP. P. 4(a)(4)(A) in trying to determine whether it retained jurisdiction to consider several motions filed by the plaintiff after the plaintiff filed its notice of appeal. *Alward v. Burrelle's Information Servs.*, 2001 WL 1708779, *2–3, 2001 U.S. Dist. LEXIS 22250, at *8–9 (D.Ariz. Dec. 5, 2001). Because the plaintiff's post-judgment motions (most of which were construed by the court to be Rule 60 motions) were not filed in a timely fashion, the court concluded that it lacked jurisdiction to consider most of plaintiff's motions as none of the motions operated to stay the appeal

motions for discovery sanctions filed pursuant to FED. R. CIV. P. 26 and 37 are not enumerated in FED. R. APP. P. 4(a)(4), Plaintiffs contend that the Court no longer has jurisdiction over Defendant's motion.[2] According to Plaintiffs, FED. R. CIV. P. 37 provides that the appropriate court in which to file a motion for sanctions relating to discovery is "the court in which the action is pending," now the Federal Circuit Court of Appeals, for the rule is designed to address misconduct during the pendency of the cause of action, not after judgment. FED. R. CIV. P. 37(a)(1), (b)(1)(2); *Espinueva v. Ball*, 1992 WL 92774 *2, 1991 U.S.App. LEXIS 10979 *4 (7th Cir.1992) (holding that where plaintiff filed motion for Rule 37(b) sanctions after judgment, the motion was not properly before the district court). However, such a reading of FED. R. APP. P. 4(a)(4)(A) and FED. R. CIV. P. 37 in concert is nonsensical. FieldTurf's reading would place jurisdiction over such collateral matters as sanctions and awards of fees and costs outside of the court where the relevant behavior occurred, i.e., the discovery referenced in the motion for sanctions and the incurring of the fees and costs. A far more sensible application has been adopted by the Sixth Circuit Court of Appeals, that while divested of jurisdiction

over the substantive matters in a case, a district court is in the best position to decide certain collateral matters as fees, costs, and sanctions, particularly as the district court presided over the relevant discovery.

■ As a general rule, "[t]he filing of a timely and sufficient notice of appeal in a district court has the effect of immediately transferring jurisdiction from the district court to the court of appeals." *In re Chandler*, 902 F.2d 43, 43 (Fed.Cir.1990) (*citing* 9 Moore's Federal Practice ¶ 203.11). However, contrary to Plaintiffs' assertion, FED. R. APP. P. 4(a)(4)(A) does not divest the this Court of jurisdiction to entertain motions regarding collateral matters such as awards of fees and costs. Rather, the purpose of Rule 4(a)(4)(A) is to determine the effect of post-judgment motions upon the running of the time limit for filing a notice of appeal. FED. R. APP. P. 4(a)(4)(A); *see Hodge v. Hodge*, 269 F.3d 155, 157 (2nd Cir.2001) (noting that "[a]lthough normally a party in a civil case has thirty days from entry of judgment in the district court to file the notice of appeal, the timely filing of any of the post-judgment motions listed in Rule 4(a)(4)(A) resets the clock until the district court enters an order disposing of the last such remaining motion, at which point a new thirty-day peri-

pursuant to FED. R. APP. P. 4(a)(4)(A). *Id.* at *3–6. However, noting that a district court retains jurisdiction to award attorney fees during the pendency of an appeal, the court considered several motions for sanctions and for recovery of fees and costs. *Id.* at *6–8. *See also Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir.1988) (dealing with a Rule 11 motion for sanctions and noting that "district court retains jurisdiction to resolve a motion for attorneys fees or sanctions even while an appeal of the merits is pending in the court of appeals"). This does not suggest that the motion should be stricken from the record. Rather, making a logical connection between those motions for sanctions in *Alward* under 28 U.S.C. § 1927 and Rule 11 that were actually considered by the district court and a motion seeking sanctions under FED. R. CIV. P. 26 and 37 (a logical connection, for both brands of sanctions deal with the behavior of the parties during the pendency of a matter before the trial court), it would appear that this Court could properly maintain jurisdiction over Defendant's motion for sanctions during the pendency of Plaintiffs' appeal.

2. FieldTurf's Emergency Motion suggests that Defendant's motion should be stricken because it does not expressly identify Rule 54(d)(2) as the

procedural rule under which it was filed and, therefore, the Court lost jurisdiction to consider the motion when FieldTurf filed its notice of appeal. However, FieldTurf wrongly suggests that Rule 54(d)(2) is the relevant "power source" providing the substantive authority for the Court to shift fees and expenses on Defendant's motion for discovery sanctions. By its express terms, Rule 54(d)(2) does not apply to "claims for fees and expenses as sanctions for violations of [the Federal] rules." *See* FED R. CIV. P. 54(d)(2)(E). This is to say that Rule 54 does not apply to the motion, except to the extent that Southwest's motion invokes the Court's inherent power to award fees. However, both parties agree that one fundamental "power source" from which the Court may draw its authority to shift fees is the Court's "inherent power." In addition to the Court's "inherent power," Southwest's motion relies upon Rules 26 and 37, both of which specifically provide the Court with the authority to shift fees under the appropriate circumstances. This is to say that as Defendant did not rely upon FED. R. CIV. P. 54 as a "power source," the motion need not be stricken for that alleged "failure."

od begins"). Noting the language of Rule 4(a)(4)(A), the time for appeal is not tolled by the filing of a Rule 54 motion unless the district court extends the time to file an appeal pursuant to Rule 58. *See* Fed. R. App. P. 4(a)(4)(A)(iii). Thus, FieldTurf's argues that under Fed. R. App. P. 4(a)(4)(A), this Court would not have jurisdiction to entertain any of the parties' motions made procedurally under Rule 54 because no order extending the time for appeal under Rule 58 has been entered. However, such an interpretation of Fed. R. App. P. 4(a)(4)(A) is ill-conceived at best.

Plaintiffs' proposition was squarely addressed in *Lancaster v. Independent School Dist. No. 5*, where the plaintiff argued that his filing a notice of appeal deprived the district court of jurisdiction to consider the defendant's Rule 37 motion. *Lancaster v. Independent School Dist. No. 5*, 149 F.3d 1228, 1237 (10th Cir.1998). In concluding that the argument was without merit, the Tenth Circuit Court of Appeals remarked:

> Although filing notice of appeal generally divests the district court of jurisdiction over the issues on appeal, the district court retains jurisdiction over "collateral matters not involved in the appeal." Attorney's fees awards are collateral matters over which the district court retains jurisdiction. While the cases typically discuss attorney's fees awards in the context of statutory grants of attorney's fees to the prevailing party, we see no basis to distinguish those cases from one like the present case in which fee awards are granted as sanctions. In either context, the award is collateral to the merits of the underlying action. Ac-

cordingly, we conclude the district court had jurisdiction to grant the Rule 37 motion.

*Id.* (internal citations omitted). *Cf. Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir.1988) (dealing with a Rule 11 motion for sanctions and noting that "district court retains jurisdiction to resolve a motion for attorneys fees or sanctions even while an appeal of the merits is pending in the court of appeals"). Defendant's motion for discovery sanctions involves such collateral matters.

■ Moreover, the Sixth Circuit has also recognized that post-judgment, post-appeal Rule 37 motions are timely filed. *See Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845 (6th Cir.1990); see also *Johnson v. Cleveland Heights/Univ. Heights School Dist. Bd. of Educ.*, No. 94–3523, 1995 WL 527365, 1995 U.S.App. LEXIS 32102 (6th Cir. Sept. 6, 1995). The Court is puzzled by Plaintiff's reliance on *Espinueva v. Ball*, an unreported decision from the Seventh Circuit wherein plaintiff filed a motion for Rule 37 sanctions for failure to comply with an agreed order (an improper invocation of Rule 37) more than a year after that agreed order was affirmed on appeal, in support of its argument that Rule 37 motions must be filed before judgment. *Espinueva*, 1992 WL 92774, at *1, 1992 U.S.App. LEXIS 10979, at *2–3 (7th Cir. May 7, 1992). Specifically, the Court notes that the Sixth Circuit Court of Appeals has expressly rejected the Seventh Circuit's position regarding the timeliness of Rule 37 motions in *Kasuri*.[3] *Kasuri*, 897 F.2d at 855–56.

---

**3.** The Court remarks that Plaintiffs did not raise the *Kasuri* case as relevant authority contrary to their position. Plaintiffs opine in their reply that they did not discuss *Kasuri* in their memorandum in support of their Motion to Strike as the case involved a plaintiff's failure to fully response to requests for admissions and the Sixth Circuit Court of Appeals concluded that the defendants' motion for fees under Rule 37 was properly denied. *Kasuri v. St. Elizabeth Hosp. Med. Ctr.*, 897 F.2d 845, 856 (6th Cir.1990). The Court is unsure of the relevance of Plaintiffs' statement as the Sixth Circuit Court of Appeals also clearly addressed the issue of the timeliness of the defendant's motion in that matter. Further, Plaintiffs state that rationale of the *Johnson* case is inapplicable to the matter at hand "[b]ecause sanctiona-

ble conduct was the basis of the [court's *sua sponte*] dismissal in *Johnson*." [Pl. Reply at 1–2]; *Johnson v. Cleveland Heights/Univ. Heights School Dist. Bd. of Educ.*, 1995 WL 527365, 1995 U.S.App. LEXIS 32102 (6th Cir.1995). Again, the Court of Appeals necessarily addressed the timeliness of the motion for sanctions and, insofar as the unreported case sheds light on the reality of post-judgment, post-appeal motions for sanctions, the Court is unsure of the relevance of Plaintiffs' comments.

Plaintiffs will be well served to remember their ongoing obligation to provide to the Court all relevant authority on an issue, for and against their stated position. While good faith efforts to distinguish a situation from those in which the

In arguing that the defendant's Rule 37 motion was untimely filed after her appeal, the plaintiff in *Kasuri* relied upon a Seventh Circuit decision which held that "Rule 37(c) expenses and fees must be timely sought prior to judgment and appeal." *Kasuri,* 897 F.2d at 855–56 (citing *Popeil Bros., Inc. v. Schick Elec., Inc.,* 516 F.2d 772, 778 (7th Cir.1975)). In concluding that the defendant's Rule 37 motion was timely filed, the Sixth Circuit rejected the holding in *Popeil,* choosing instead to follow the reasoning of the Federal Circuit in *Chemical Eng'g Corp. v. Essef Indus., Inc. See Kasuri,* 897 F.2d at 856 (*citing Chemical Eng'g Corp. v. Essef Indus., Inc.,* 795 F.2d 1565 (Fed.Cir.1986)). The Sixth Circuit distinguished the Seventh Circuit's reasoning as follows:

> [T]he court in *Popeil* ... was dealing with a Rule 37(c) motion filed after an appeal had been completed and the case had been remanded. In the present case, the motion was filed after the notice of the appeal, but long before even the appellant's brief was due in the court of appeals.... [T]he concern for timeliness arises from the policy against two courts treating the same issues concurrently. That circumstance is neither present nor possible here.... We do not believe that the Seventh Circuit would hold, nor would we, that a losing party, by filing a notice of appeal the moment judgment is entered, could thereby divest the district court of all discretion to award appropriate post-trial relief within weeks thereafter, and well before the appeal is ready to be heard by the court of appeals.

*Chemical Eng'g Corp.,* 795 F.2d at 1574–75 (emphasis added). Similarly, Defendant's motion for discovery sanctions was filed after Plaintiff's Notice of Appeal but well before Plaintiffs' brief will be due in the Court of Appeals for the Federal Circuit. Such a motion is hardly untimely in the opinion of this Court, and, in light of Sixth Circuit precedent, the motion is properly before this Court.

law is well settled and efforts to evolve the law based on reason and experience are appreciated, attempts to blindside the Court through failure to

Plaintiffs have also asked the Court to for an additional 15 days to respond to Southwest's motion. The Court is of the opinion that FieldTurf should abide by the January 17 deadline established by the parties' agreed motion and order for extension of time for parties to file responses to pending motions [Record No. 482]. Accordingly, insofar as Plaintiffs' have requested an extension of time to respond to Defendant's pending motion for discovery sanctions, Plaintiffs' motion shall be denied.

For all of the foregoing reasons, Plaintiffs' motion shall be denied, and the parties shall abide by the deadlines stated in their agreed motion and order for extension of time for parties to file responses to pending motions.

Accordingly, **IT IS ORDERED** that:

(1) Plaintiffs' Emergency Motion to Strike Defendant's Motion for an Order Imposing Discovery Sanctions and the Plaintiffs' Motion for an Extension of Time to Respond [Record No. 483] be, and hereby is, **DENIED;**

(2) Plaintiffs' Motion for an Expedited Briefing Schedule on Plaintiffs' Emergency Motion to Strike [Record No. 484] be, and hereby is, **DENIED AS MOOT.**

bring relevant, binding, and instructive authority to the Court's attention are injurious to the administration of *stare decisis.*