CENTEX CORPORATION,
et al., Plaintiffs,

v.

The UNITED STATES, Defendant.

No. 96–494C.

United States Court of Federal Claims.

Aug. 29, 2003.

Kent A. Yalowitz, Arnold & Porter, Washington, D.C., argued for plaintiffs. With him were Melvin C. Garbow, Mark W. Stoutenburg, Pamela A. Miller, Howard N. Cayne, Thomas R. Dwyer, and Michael A. Johnson, of counsel.

Paul G. Freeborne, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, argued for defendant. With him were Stuart E. Schiffer, Deputy Assistant Attorney General, David M. Cohen, Director, and Jeanne E. Davidson, Deputy Director, Scott D. Austin, Glenn I. Chernigoff, Jeffrey T. Infelise, Brian A. Mizoguchi, and Brian L. Owsley, of counsel.

*ORDER*

BRUGGINK, Judge.

▮ Judgment for plaintiffs in the amount of $28,101,105, plus costs, was entered on February 24, 2003. The defendant appealed our decision and plaintiffs filed a cross-appeal. Pending in this court are plaintiffs' motion for fees pursuant to RCFC 37(c) and defendant's motion to stay proceedings pending resolution of the appeal. Plaintiffs' motion seeks attorneys' fees and other expenses as a sanction for having to prove, unnecessarily it is alleged, that Centex received $160.8 million in FSLIC reimbursements for CALs and took the $160.8 million into account as compensation for purposes of calculating its federal and state income tax liabilities during the damages period. Defendant's motion seeks to stay consideration of plaintiffs' RCFC 37(c) motion until entry of final judgment after appeal. Defendant contends that RCFC 54(d)(2) prohibits this court from entertaining plaintiffs' motion until after resolution of the parties' appeals. Although we disagree with the defendant's interpretation of RCFC 54(d)(2), defendant's motion is granted on other grounds.

Rule 54(d)(2) of the Rules of the United States Court of Federal Claims provides, in relevant part:

(A) Claims for attorneys' fees and related nontaxable expenses shall be made by motion . . . .

(B) Unless otherwise provided by statute or order of the court, the motion must be filed no later than 30 days after the date of final judgment, as defined in 28 U.S.C. § 2412(d)(2)(G) . . . .

. . . .

(E) The provisions of subdivisions (d)(2)(A) through (D) do not apply to claims for fees and expenses as sanctions for violations of these rules . . . .

RCFC 54(d)(2) (2002). 28 U.S.C. § 2412(d)(2)(G) in turn provides that "final judgment" means "a judgment that is final and not appealable . . . ." 28 U.S.C.A. § 2412(d)(2)(G) (1994 & Supp.2003).

Defendant argues that RCFC 54(d)(2)(B), when interpreted in light of 28 U.S.C. § 2412(d)(2)(G), leads to a conclusion that all motions for attorneys' fees pursuant to RCFC 37(c) are premature while the merits of the action are on appeal. Plaintiffs point out that fees awarded under RCFC 37(c) are sanctions, and that RCFC 54(d)(2)(E) explicitly exempts all claims for attorneys' fees sought as sanctions from the requirements found in RCFC 54(d)(2)(A)—(E), including the requirement of a final judgment.

We are aware of no cases directly on point in this circuit. Cases decided under the comparable Federal Rule of Civil Procedure 54(d)(2), however, have uniformly held that sanctions are not, by virtue of subparagraph E, subject to the balance of the rule. *See Sakon v. Andreo*, 119 F.3d 109, 114 (2d Cir. 1997); *Fieldturf, Inc. v. Southwest Rec. Indus.*, 212 F.R.D. 341, 343 (E.D.Ky.2003); *Miller v. Credit Collection Serv.*, 200 F.R.D. 379, 382 n. 5 (S.D.Ohio 2000); *Benet v. Schwartz*, No. 93–C–7295, 1995 WL 549125, at *1, 1995 U.S. Dist. LEXIS 13247, at *3 (N.D.Ill. Aug. 28, 1995); *see also* JAMES W. MOORE, MOORE'S FEDERAL PRACTICE, at § 54.151[2][c] (3d ed.2003) (citing *White v. N.H. Dep't of Employment Sec.*, 455 U.S. 445, 452–54, 102 S.Ct. 1162, 71 L.Ed.2d 325 (1982)) ("If fees are sought as sanctions for violation of any of the Rules . . . the provisions of Rule 54(d)(2) do not apply . . . .").

Fees awarded pursuant to RCFC 37(c) are plainly available as a sanction. Moreover, it has generally been held that trial courts retain jurisdiction over certain collateral matters while an appeal on the merits is pending. *E.g., Covanta Onondaga v. Onondaga County Res. Recovery Agency*, 318 F.3d 392, 396 (2d Cir.2003); *Wis. v. Hotline Indus.*, 236 F.3d 363, 365 (7th Cir.2000); *Regional Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 156 (6th Cir.1988); *see also Chem. Eng'g Corp. v. Essef Indus., Inc.*, 795 F.2d 1565, 1573–75 (Fed.Cir.1986) (holding that under the law of the Seventh Circuit, a district court retained jurisdiction to award sanctions while the merits of the case were on appeal); *Sherrit v. United States*, No. 299–81, 1997 WL 759610, at *7, 1997 U.S. Claims LEXIS 241, at *21 (Fed.Cl. Oct. 23, 1997) (holding that the Court of Federal Claims retained jurisdiction to impose Rule 11 sanctions even after dismissal of a case on the merits). We conclude that nothing in RCFC 54(d)(2) prohibits the court from entertaining plaintiffs' motion for fees pursuant to RCFC 37(c).

■ There is also nothing, however, that *requires* us to entertain such a motion under all circumstances. Acting on a motion for fees while the decision on the merits is pending appeal has been found appropriate only where "[t]heir award is uniquely separable from the cause of action to be proved at trial." *White*, 455 U.S. at 452, 102 S.Ct. 1162.

Under the standard set out in RCFC 37(c)(2), "If a party fails to admit . . . the truth of any matter as requested under RCFC 36, and if the party requesting the admission thereafter proves . . . the truth of the matter," then the court is directed to award costs to the moving party unless the nonmoving party establishes one of the limited exceptions listed in RCFC 37(c)(2). Here, plaintiffs seek fees for the cost of having to establish that Centex received $160.8 million in FSLIC reimbursements for CALs and that it took the $160.8 million into account as compensation for purposes of calculating its

federal and state income tax liabilities during the damages period. Prior to trial, defendant disagreed with plaintiffs' calculations, specifically questioning whether plaintiffs properly converted book basis to tax basis, and it refused to admit plaintiffs' figure upon request pursuant to RCFC 36. While we found that the $160.8 million dollar figure was not meaningfully disputed, the government has never conceded that point, and we therefore believe that it would be premature to entertain plaintiffs' motion for fees under RCFC 37(c) while the validity of the $160.8 million dollar figure is implicated in defendant's challenge on appeal to the amount of damages.

We therefore find that although RCFC 54(d)(2) does not prohibit us from entertaining plaintiffs' RCFC 37(c) motion, because the motion is based on a matter not "uniquely separable from the cause of action to be proved at trial," considering it now would be premature. Defendant's motion to stay proceedings pending appeal is therefore GRANTED.