**In re KIRK–MURPHY HOLDING, INC., Debtor.**

**No. 02–71373 TLH4.**

United States Bankruptcy Court,
N.D. Florida,
Tallahassee Division.

May 24, 2004.

Brian S. Behar, Robert J. Edwards, Behar, Gutt & Glazer, P.A., Aventura, FL, Laura Beth Faragasso, Henry, Buchanan, Hudson, Suber & Carter, Tallahassee, FL, for Debtors.

Charles F. Edwards, Office of U.S. Trustee, Tallahassee, FL, for United States Trustee.

Frederick T. Hawkes, Carlton Fields, PA, Tallahassee, FL, for Petitioning Creditor.

Stephen Michael Corse, Nicole Hedi Sulsky, White & Case LLP, Miami, FL, for creditor.

Robert L. Young, Carlton Fields, P.A., Orlando, FL, for Creditor.

### ORDER DENYING SANCTIONS

LEWIS M. KILLIAN, JR., Bankruptcy Judge.

THIS MATTER came on for hearing on May 12, 2004, on the Alleged Debtor's Motion for Sanctions, Pursuant to Rule 9011 of the Federal Rules of Bankruptcy Procedure, Against Taco Bell Corp., Taco Bell of America, Inc., White & Case, LLP, and Stephen M. Corse, Esquire. This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 157(b)(2). After review of the record, case law, and the oral and written arguments of the parties, the Alleged Debtor's Motion for Sanctions will be DENIED.

### FACTS

An Involuntary Chapter 11 petition was filed with this Court against the alleged debtor on December 24, 2002. The alleged debtor disputes the allegations in the involuntary petition. Taco Bell Corp., and Taco Bell of America, Inc., (Taco Bell) were not original petitioning creditors, but subsequently joined as a petitioning creditor. The alleged debtor moved for approval to pay certain gap expenses and after a

contested hearing on November 13, 2003, an Order was entered granting gap expenses of rent, certain salaries, and attorneys fees for state court litigation between the parties. Taco Bell filed a Motion for Reconsideration and Request for a Hearing on the gap expense issue on December 5, 2003. Prior to hearing the motion for reconsideration, the alleged debtor sent a six page letter on counsel's firm stationary to counsel for Taco Bell on or about December 18, 2004, stating that the alleged debtor would seek Rule 9011 sanctions against Taco Bell if its reconsideration motion was not withdrawn or corrected within 21 days after receipt of the letter. The alleged debtor deemed this six page letter to be a "safe harbor notice" which specifically detailed the alleged debtor's arguments on why the reconsideration motion was frivolous, that it was interposed for no other purpose than to cause unnecessary delay and expense, and that it did not raise any new legal or factual issues to support the reconsideration motion. The motion for reconsideration was not withdrawn by Taco Bell and was denied by Order of this Court on March 18, 2004, after being heard on January 15, 2004 ( which was approximately twenty five days after Taco Bell received the alleged debtor's letter). Following this, on April 6, 2004, the alleged debtor filed its Motion for Sanctions with this Court and served the same on Taco Bell. The matter was heard on May 12, 2004.

## DISCUSSION

■ Taco Bell opposes the sanctions motion on both substantive and procedural grounds. The procedure argument will be addressed first because if that argument prevails, I need not address the merits because the Motion for Sanctions will fail. Taco Bell argues that the motion should be denied because the alleged debtor failed to comply with the procedural requirements set forth in Bankruptcy Rule 9011. Specifically, the alleged debtor failed to comply with the safe harbor provision by sending only a warning letter to Taco Bell and not the motion for sanctions. The alleged debtor did not serve its Motion for Sanctions to Taco Bell until the day it was filed with the Court. The alleged debtor argues that a letter, if sufficiently clear and detailed on the type of violation and that sanctions will be sought if the pleading is not withdrawn, is enough to satisfy the requirements of Rule 9011 because such a letter satisfies the purpose of Rule 9011: to place a party on notice and give them an opportunity to amend or withdraw an offending pleading to escape sanctions.

**Bankruptcy Rule 9011(c) Sanctions, states in pertinent part:**

If, after notice and a reasonable opportunity to respond, the court determines that subdivision (b) has been violated, the court may, subject to the conditions stated below, impose an appropriate sanction upon the attorneys, law firms, or parties that have violated subdivision (b) or are responsible for the violation.

(1) How Initiated.

(A) By Motion. A motion for sanctions under this rule shall be made separately from other motions or request and shall describe the specific conduct alleged to violate subdivision (b). It shall be served as provided in Rule 7004. *The motion for sanctions may not be filed with or presented to the court unless, within 21 days after service of the motion,* ... the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected.... If warranted, the court may award to the party prevailing on the motion the reasonable expenses and attorney's fees incurred in presenting or

opposing the motion. (Emphasis added.)

As the safe harbor provisions in Bankruptcy Rule 9011 and Rule 11 are identical, the Eleventh Circuit has made it clear that courts should look to case law that interprets the standards under Rule 11 when applying and analyzing Bankruptcy Rule 9011. *Singer Furniture Acquisition Corp. v. SSMC Inc. N.V.,* 254 B.R. 46, 60 n. 14 (Bankr.M.D.Fla.2000) *(citing In re Mroz,* 65 F.3d 1567, 1572 (11th Cir.1995)).

Bankruptcy Rule 9011 is clear and plainly worded. Rule 9011(c) states that sanctions are to be initiated by motion, and served upon the offending party 21 days prior to filing the same sanctions motion with the court. *Rule 9011.* Rule 9011 does not provide for a *warning letter,* no matter how detailed, as a substitute for a motion. The language directing how a sanction is to be initiated under Rule 11 expressly requires that *a motion* for sanctions be served on the allegedly offending party. *Miller v. Credit Collection Serv.,* 200 F.R.D. 379, 381 (S.D.Ohio 2000)*(emphasis added).* "If the drafters of the Rule had deemed a letter suggesting that sanctions would be sought were sufficient, they could quite easily have used language to convey that intent, instead of that which was chosen." *Id.* An overwhelming majority of courts have uniformly concluded that a warning letter, such as in the case before me, is not the functional equivalent of serving a motion for sanctions and does not constitute compliance with the safe harbor provisions. *Id.; Weeks Stevedoring Co., Inc. v. Raymond Int'l Builders,* 174 F.R.D. 301, 305 (S.D.N.Y.1997)(finding that a warning letter does not meet the strict procedural requirements of Rule 11; noting that courts consistently deny Rule 11 motions for sanctions on procedural grounds where a letter of warning is sent instead of serving a motion for sanctions to the offending party); *Barber v. Miller,* 146 F.3d 707, 710 (9th Cir.1998)(discussing that sanction warning letters are not sufficient to satisfy the procedural requirements of Rule 11 because Rule 11 requires service of a motion and warning letters are not motions nor do they start the safe harbor period); *Dearborn Fin. Serv. Corp. v. Heath,* 1999 WL 1011860, *1, *5 (N.D.Ill.1999)(finding that a warning letter does not trigger the safe harbor window and does not substitute formal service of a Rule 11 motion). *VanDanacker v. Main Motor Sales Co.,* 109 F.Supp.2d 1045, 1054–55 (D.Minn.2000)(rejecting sanctions under Rule 11 as procedurally defective when only warning letters were sent to opposing party).

This Court addressed the necessity of following the procedures set forth in Rule 9011 in *In re Smith,* 230 B.R. 437, 440 (Bankr.N.D.Fla.1999). In *Smith,* a party seeking sanctions filed its motion for sanctions with this Court at the same time it served the offending party. I denied the motion for sanctions in part because it was procedurally defective. *Id.* at 440, 441.[1] The moving party failed to file in accordance with the procedures outlined in Rule 9011. Specifically, the moving party was required to serve the motion on the party first, then wait 21 days before filing with this Court. By not so doing, the offending party was deprived of the safe harbor and had no opportunity to correct or withdraw its claim. *Id.; TRI, Inc. v. Boise Cascade Office Prod. Inc.,* 2002 WL 31108190, *2 (D.Minn.2002)("This court and others have repeatedly rejected arguments that warning letters . . . trigger the start of the safe harbor period." . . . "[S]ervice of the motion starts the 'safe harbor' clock running.")

---

1. Motion denied on substantive grounds as well.

Finally, the Advisory Committee Notes for the 1993 Amendments to Rule 11 stress that a notice of sanctions served to the party and later filed with the court must be made by a motion and that motion itself is subject to the requirements of Rule 11 and can lead to sanctions. *Fed. R.Civ.P. Revised Edition Thompson West (2003) Rule 11; Adv. Comm. Notes, 1993 Amend.* Attorney letters, on the other hand, which pass between offices and may not be signed by attorneys, are not.

The alleged debtor cites to several cases to support its argument. First, in *Barker v. Bank One, Lexington, N.A.*, 1998 WL 466437 (6th Cir.Ky.1998)*(unpublished op.)*, an attorney filed a complaint on behalf of a client against over forty defendants. Attorneys representing a group of defendants correctly followed sanctions procedures in Rule 11 and were awarded sanctions. Several other defense attorneys sent sanction warning letters on two separate occasions instead of serving a motion for sanctions. These attorneys ultimately did serve a motion for sanction on the party then waited 21 days before filing with the court, however, this was done after the claim underlying the motion for sanctions was ruled on. The District Court awarded sanctions for Rule 11 violations and an appeal followed. One of the grounds for appeal was that the attorney was not properly served with a motion for sanctions, instead, only a sanctions warning letter was sent. The appellate court found that the two warning letters to counsel and the fact that he was served with the motion 21 days before it was filed with the court satisfied the purpose of the safe harbor rule. *Id.* at *2. Notwithstanding the factual differences between the case before me and *Barker*, and that unpublished opinions are not considered binding precedent, *Barker* is inconsistent with published opinions from the Sixth Circuit ruling that a sanction warning let-ter is not the same thing as, nor is it a proper substitute for, a motion and therefore, does not comply with the sanctions Rule. *See Miller v. Credit Collection Serv., (supra); Ridder v. City of Springfield,* 109 F.3d 288, 296–97 (6th Cir.1997)*(holding that sanctions under Rule 11 are unavailable, unless a motion for sanctions is served on the opposing party twenty-one days before it is filed with the court).* Accordingly, *Barker* carries little persuasive weight.

The alleged debtor brings to this Court's attention *Davis v. Carl,* 906 F.2d 533, 535, 536 (11th Cir.1990). The alleged debtor wants this Court to believe that, based on *Davis,* the Eleventh Circuit advocates dispensing with the procedural safeguards of notice and a hearing before imposing sanctions if an attorney's pleading is submitted without any factual basis because Rule 11 alone should be sufficient notice of attorney's responsibilities to submit factual complaints. It is important to note that *Davis* was decided: (1) before the 1993 amendments to Federal Rules of Civil Procedure through which the "safe harbor" section was incorporated into Rule 11. *Fed.R.Civ.P. Revised Edition Thompson West(2003); Rule 11; Adv. Comm. Notes, 1993 Amend.;* and (2) before the 1997 Bankruptcy Rules revision when the "safe harbor" provision was incorporated into Rule 9011(done so to enable Rule 9011 to mirror the 1993 Rule 11 revisions of the Fed.R.Civ.P.). *Norton Bankruptcy Rules Pamphlet 2003–2004; Rule 9011 Adv. Comm. Notes, 1997.* Even in light of the safe harbor amendments, the alleged debtor still advances that *Davis* is worded strongly enough to indicate that Rule 9011 itself is sufficient notice to an attorney that he has a strict duty to certify his claim is well grounded in fact: in failing to do so, he should be prepared to risk sanctions

without notice. I find this argument unconvincing.

In this case, the alleged debtor's motion for sanctions is procedurally defective. The alleged debtor's warning letter did not serve as a substitute for a motion; service of the motion is the requirement imposed by Bankruptcy Rule 9011. The motion for sanctions was filed with this Court on the same day that the motion was served on the alleged wrongdoer. This action did not comply with the 21 day safe harbor procedure detailed in Rule 9011. As a result, Taco Bell was not afforded the safe harbor protection that flows from serving the motion before filing it with the court. Therefore, because the alleged debtor failed to follow the procedural requirements pursuant to Rule 9011, the motion for sanctions will be denied without reaching its merits.

■ Taco Bell seeks attorneys fees as the prevailing party to this motion. Rule 9011(c)(1)(A) permits a court to award reasonable expenses and attorneys fees to the prevailing party, whether presenting or opposing a motion for sanctions. Since the alleged debtor blatantly disregarded the clear and simple procedural guidelines set forth in Rule 9011(c), I award Taco Bell, as the prevailing party and pursuant to Rule 9011, reasonable attorney fees and expenses incurred in opposing this motion. Accordingly, it is hereby

ORDERED and ADJUDGED that

1. The Alleged Debtor's Motion for Sanctions is DENIED.

2. Taco Bell is awarded reasonable attorney fees and expenses. Taco Bell has 10(ten) days from the date of this Order to submit its fees after which the Alleged Debtor has 5 (five) days to respond as to any possible unreasonableness of the fees submitted.